## GEORGE I. BERGEN *et al.*

### *v.*

### PETER RIGGS.

1. POSSESSION — *of personal property, prima facie evidence of ownership.* The principle is well settled that possession of personal property is *prima facie* evidence of ownership; but the possession may be accompanied with such circumstances as to rebut such a presumption.

2. INSTRUCTIONS — *how to be given.* Where such possession is accompanied with such circumstances as repels the presumption, it is error to unqualifiedly· instruct a jury that possession is evidence of ownership.

3. LIMITATIONS — *do not run against the government.* Whilst long and uninterrupted possession might raise the presumption that the government had parted with its title to personal property, still such possession could never operate to bar a recovery by the government.

APPEAL from the Circuit Court of Warren county; the Hon. CHARLES B. LAWRENCE, Judge, presiding.

This was an action of trespass on the case on promises commenced by Bergen & Sisson, the plaintiffs in error, against

Peter Riggs, the defendant in error, at the October Term of the Warren county Circuit Court, for a breach of an implied warranty of title on the sale of a certain horse by the defendant in error to the plaintiffs in error. The declaration contained two special counts, and also contained the common counts, and was filed at the October Term of the Warren county Circuit Court, A. D. 1863. To the plaintiffs' declaration the defendant interposed the plea of general issue, on which plea the plaintiffs took issue.

On the 12th day of November, A. D. 1863, said cause came on for a hearing on the issues joined, before the court and a jury.

The jury found a verdict for the defendant. Thereupon the plaintiffs entered their motion for a new trial, which said motion was overruled by the court, and a judgment rendered upon the verdict of the jury. Plaintiffs entered their motion for an appeal to the Supreme Court, which was allowed by the court, upon plaintiffs filing bond, and sixty days were granted in which to prepare and file bill of exceptions, by consent and agreement of counsel.

The question presented in this case is whether, under the evidence, the court erred in giving the third instruction for defendant. The facts necessary to a proper understanding of the question sufficiently appear in the opinion of the court, and are therefore omitted in the statement of the case. The following is the third instruction given for the defendant :

" The jury are instructed that possession is *prima facie* evidence of ownership of personal property, and if they believe from the evidence that the defendant had possession of the horse for about one year prior to the sale, then, in order to overthrow such *prima facie* case, it was incumbent on plaintiffs to prove that the title to the horse was not in the defendant, but in the United States."

Mr. T. G. FROST, for the appellant.

As to the evidence of title derived from the possession of the property, and the brand upon the same, the ruling of the court

in refusing the several instructions asked by the plaintiffs on this point, and in giving defendant's third instruction, tending to mislead the jury as to the true legal effect of the evidence. They were, in effect, told that the possession of the horse in question by the defendant for a year prior to the sale to the plaintiffs, absolutely established, in law, an absolute title in the defendant, which could only be overthrown by evidence of a subsequent sale to or title in the United States; when they should have been instructed that, while possession was evidence of title, it might be accompanied by such circumstances as to materially impair its force as evidence, and in fact as to entirely repel all presumption of ownership arising from the bare fact of possession, as in the case of a common carrier, engaged in his ordinary vocation, in possession of goods belonging to a third person, and marked with the name and direction of such third person, or that of a clerk in the store of his employer, or that of an engineer in control of an engine on a railroad, or of an officer or soldier in possession of arms and accoutrements belonging to the United States, and marked with the United States brand; and the court should have left, under such instructions, the determination of the question of title, and the effect of the possession, under the circumstances proved in this case, to the unrestricted discretion of the jury, instead of instructing the jury, in effect, that by an inexorable rule of law they must treat the bare possession of personal property, no matter by what circumstances accompanied, as absolute evidence of title.

Mr. A. G. KIRKPATRICK, for the appellee.

There is no proof except the brand " U. S." Why, this may have been the brand of some individual, the initials of whose name was represented by " U. S.," or the horse may have been condemned and sold by the government.

The order of Myers, A. Q. M., does not require Dewey to take all horses branded " U. S.," much less the horse in controversy, but only horses belonging to the United States; and

Bergen et al. *v.* Riggs.

the unauthorized acts of these agents of the government ought not to override everybody's rights, and overturn the well established rules of evidence.

The plaintiffs are mistaken as to the proof showing that the horse originally belonged to the United States. There is no such proof. The proof is that a Missouri militiaman traded the horse to defendant; and there is no evidence whatever showing that the horse ever belonged to the United States, except so far as the brand tended to do so.

But the plaintiffs say that in requiring them to show that the horse was not branded " C," would be requiring them to prove a negative. That is precisely what they have attempted to do in order to make out their case, *i. e.*, that the horse was not defendant's; but in this case it was easy for them to show that the horse was not branded " C," and they were bound to do it in order to make out their case, so far as brands were concerned, inasmuch as the proof shows that the United States, acting through their agents, set off the horse to defendant, told him to keep him, that it was all right. The brand " C " would, under this state of facts, completely destroy the effect of the brand " U. S."

Mr. Chief Justice Walker delivered the opinion of the Court:

It is insisted that the third instruction given for defendant below is erroneous. It asserts that possession of personal property is *prima facie* evidence of ownership, and if defendant had possession for about one year prior to the sale, then, in order to overthrow such *prima facie* case, it was incumbent on plaintiffs to prove that the title to the horse was not in the defendant, but in the United States government. As a general proposition, possession of chattels creates a presumption of ownership, slight it may be, but sufficient until overcome by proof. Yet the *prima facie* case may be rebutted by the circumstances attending the possession. It may be rebutted by evidence either circumstantial or positive, but until rebutted it is evidence of ownership.

If defendant in error was in possession as owner, then it raised the presumption of ownership, which plaintiffs in error were bound to rebut by showing that the ownership was in some other person, unless the circumstances rebutted the presumption. The evidence shows that the animal was marked with the government brand indicating that it was the owner. The army regulations require that all such property, as soon as acquired by the government, shall be so marked, which is for the obvious purpose of identifying it as property belonging to the general government. If this brand of the government was found upon this animal, that fact would, unexplained, overcome the presumption of ownership created by mere possession, but long and uninterrupted possession or other circumstances may overcome the presumption of ownership in the government, but will not bar its right to recover the property. The regulations also provide that when property for any reason is no longer needed by the government, or has become unfit for use, it is condemned and sold by the proper officer. And proof of such sale would overcome the presumption of ownership by the government. That proof may be made by any legitimate evidence establishing such sales.

By the regulations of the service, when property is condemned it is required to be branded with the letter "C.," which, if shown, is evidence that the government has parted with the title, when found in the possession of an individual. This presumption, it is true, may be rebutted by evidence. But in this case the government brand indicating that it was the owner, being found upon the animal, was evidence which rebutted the presumption of ownership created by possession of the property. And with this evidence of ownership in the government, possession for a year would not overcome the presumption that the government was still the owner. The evidence to overcome the presumption created by possession was present, and went with the possession during its continuance. Possession creates no bar by limitation against the government, and even if it could, one year is not sufficient.

This instruction as given was calculated to mislead, and we

think did mislead the jury. It should have been refused, or so modified as to have informed them that the government brand indicating ownership overcame the presumption created by possession. As the case will be passed upon by another jury, we deem it improper to discuss the weight of evidence in the case. The judgment is reversed and the cause remanded.

*Judgment reversed.*