## JOSIAH D. DUNNING

*v.*

## IRA H. FITCH.

1. TRESPASS *de bonis asportatis—right to maintain action.* In order to maintain trespass for taking and carrying away personal property, the plaintiff must be the owner of the property, or in possession, at the time of the alleged trespass. The mere fact that he had a lien upon the property as landlord for rent due, will not enable him to maintain the action; neither will the levy of a distress warrant by him upon the property, where no sale is shown, and it does not appear to have been in his actual possession.

2. TAX—*who may question legality of.* Where the plaintiff sued a tax collector in trespass for levying upon personal property for the taxes of a third person, and the plaintiff set up that a portion of the taxes were illegal: *Held,* that the legality of the taxes was not a material question in the case, as, if the property belonged to the plaintiff, it mattered not whether the tax was legally or illegally assessed.

3. NEW TRIAL—*conflict of evidence.* Where the evidence in a cause as to a point in issue, is conflicting and irreconcilable, and the case has been fairly submitted to the jury, this court will regard the verdict as settling the controverted facts. It is the province of the jury to weigh such evidence.

WRIT OF ERROR to the Circuit Court of Kendall county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. J. D. DUNNING, *pro se.*

Messrs. WHEATON, SMITH & McDOLE, for the defendant in error.

Mr. Justice Scott delivered the opinion of the Court:

This was an action of trespass, brought by plaintiff in error to recover damages of defendant in error for seizing and disposing of certain articles of personal property alleged to belong to him.

Defendant in error justifies the taking on the ground that he was the collector of taxes for the town of Aurora; that taxes to the amount of $27.53 had been levied on the property of one Reifsnider for the year 1867, and the same remaining due and unpaid, on the 15th day of February, 1868, he levied on the property in controversy as the property of Reifsnider, and sold the same to make the amount of taxes and costs.

Plaintiff in error insists that $3.10 of the taxes claimed to be due from Reifsnider were illegal, having been levied to pay certain bonds which he alleges had been irregularly voted by the town of Aurora in aid of the Chicago, Burlington and Quincy Railroad Company.

It is urged by plaintiff in error that the court should declare the donation to the railroad company illegal, and consequently the tax levied to pay the same void.

It is not perceived how that becomes a material question in this case. If the property in controversy was the property of plaintiff in error, he was entitled to it, whether the tax the collector was seeking to enforce was legally or illegally assessed. The tax was not assessed against him or his property.

In order for plaintiff in error to maintain the action of trespass, he must have been the owner of the property, or in possession, at the date it is alleged to have been seized and sold by the collector. The mere fact that he may have had a landlord's lien upon the property would not enable him to maintain the action.

There is no question that the property originally belonged to Reifsnider. It can hardly be claimed that plaintiff in error was the real owner, by purchase or otherwise. He only claims to

have previously levied a landlord's warrant upon it for rent then due for premises occupied by Reifsnider. No sale had been effected under the distress proceedings so as to pass the title of Reifsnider in the property to him. Hence it can not be said that he was the owner at the date of the alleged trespasses.

Upon the question whether plaintiff in error had the possession of the property under the distress warrant or otherwise at the time it was seized by the collector, or whether in fact he ever had any possession, the evidence is conflicting, and we may say irreconcilable. It was eminently a proper case for the consideration of the jury. We have repeatedly said that, where the evidence is conflicting and the case has been fairly submitted, we must regard the verdict as settling the controverted facts.

There is evidence from which the jury could find that plaintiff in error was not the owner of the property, and that he never had the possession. It was the province of the jury to determine what weight should be given to this evidence.

The testimony is so conflicting that we do not feel authorized to disturb the verdict finding the issues for defendant in error, and the judgment must be affirmed.

*Judgment affirmed.*