## BENJAMIN BURT ET AL.
### v.
## DANIEL W. BLAKE.

1.  LEVY—PROPERTY IN GOODS.—An officer, who by virtue of a valid execution or other lawful warrant has taken the goods of the defendant therein, has a sufficient property in them to maintain trespass against a wrong-doer; but a wrongful possessor can not maintain it against the true owner or one who has the right to immediate possession.

2.  TRESPASS FOR RETAKING GOODS—WHEN LIABLE.—When an officer takes the property of a stranger to the writ which is in the possession of certain parties, and they, as agents of the owner, retake the property for him without a breach of the peace, they can not be made liable therefor in an action of trespass at the suit of the officer. And if either but only one of the parties was such agent, the judgment against him jointly with another who might be guilty would be erroneous as to both.

APPEAL from the Circuit Court of Livingston county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed February 29, 1884.

Messrs. WALLACE & TERRY, for appellants.

Mr. W. T. AMENT and Mr. S. S. LAWRENCE, for appellee.

PLEASANTS, J. On January 20, 1882, appellee, a constable, having several executions against appellant Dodwell, indorsed on each a levy upon about five hundred bushels of corn and a buggy loaded in a car of the Wabash, St. Louis & Pacific Railway Company at Cornell, in the county of Livingston, as the property of said appellant; but whether he took actual possession or had control of it is disputed, and upon that point the evidence is conflicting. The car containing the corn and buggy was shipped out on the evening of the next day, and as appellee claimed, by direction of appellants after notice of the levy. Thereupon he brought this suit in trespass, the trial of which upon the general issue resulted in a verdict against the defendants for $342. The court overruled their motion for a new trial and entered judgment upon the verdict, from which they took this appeal.

Burt et al. v. Blake.

The evidence preserved in this record shows clearly and without any substantial contradiction that the corn in question was never the property of Dodwell, nor in his possession at the time of the alleged levy.

He had been residing for two years at Arkadelphia, Arkansas, but about ten days before had returned to Livingston county where he previously resided, and having transacted some business there and at Chicago was about to leave for his home. It appears that one Francis Carpenter, who was engaged in the livery and transfer business at Arkadelphia, had written to him while here to buy some corn for his (Carpenter's) account and for that purpose procured and sent him a draft for $250, payable to his order; that Dodwell obtained the money upon it from S. E. Morrow, a banker at Cornell, which he delivered to appellant Burt, who was a grain buyer there, with the request that he would make the purchase for Carpenter; that Burt accordingly bought the corn in question of G. W. Quaif, stating at the time that it was for Carpenter; that he loaded it in the car for shipment to Carpenter, taking the railroad company's receipt to that effect; that Dodwell was not present when it was loaded or when the receipt was taken, nor had any agency in the purchase of it except as above stated; and that it was shipped to and received and used by Carpenter as his corn.

These several transactions were positively testified to by all the parties to each, respectively, and not one of them was contradicted as to any particular relating thereto. Some of them were further proved by the written evidence—the draft, the receipt and the way bill, a copy of which was introduced by the plaintiff—and all were of such a character and so recent that the witnesses could not be mistaken or forgetful concerning them. They were natural, probable, sequent and mutually corroborative. It seems impossible to entertain a doubt in regard to either of them.

From a few collateral circumstances plaintiff attempted to infer fraud and raise some suspicion as to the real ownership. But these at most tended only to impeach the credibility of Dodwell, whose testimony was not at all necessary to estab-

lish either of those transactions as stated, and where not fully explained were too inconclusive and trifling to be relied on for any purpose.

To maintain this action the plaintiff must show that at the time of the taking he had possession of the property, actual or constructive, and that it was rightful as against the defendant. 2 Greenl. on Ev., § 613; Cannon v. Kinney, 3 Scam. 9; Dunning v. Fitch, 66 Ill. 51; Miller v. Kirby, 74 Id. 242. And this the defendant may disprove under the general issue. 1 Greenl. on Ev., § 625. Possession alone being *prima facie* evidence of title (Bergen v. Riggs, 34 Ill. 170; Brownell v. Dixon, 37 Id. 197) is sufficient as against a wrong-doer or one who can show no better right. 2 Greenl. on Ev., § 618; Gilson v. Wood, 20 Ill. 39, 40; Miller v. Kirby, *supra*.

An officer who, by virtue of a valid execution or other lawful warrant, has taken the goods of the defendant therein, has a sufficient property in them to maintain it against a wrong-doer. Garner v. Willis, Breese (Beecher's ed.) 370; Dunning v. Fitch, *supra;* Becker v. Dupree, 75 Ill. 168; Tuttle v. Robinson, 78 Id. 334. But a wrongful possessor can not maintain it against the true owner, or one who has the right to immediate possession. 2 Greenl. on Ev., § 618; Searles v. Crombie, 28 Ill. 396. And an officer who takes the property of a stranger to the writ is himself a trespasser. England v. Clark, 4 Scam. 486; Gauche v. Mayer, 27 Ill. 134; Hessing v. McCloskey, 37 Ill. 341. More especially where at the time of the taking it is not even in the possession of the defendant in the writ. Tuttle v. Robinson, 78 Ill. 334.

Here the writ authorized appellee to take only the property of Dodwell; and having taken that of Carpenter, which was in the possession of Burt or of the railroad company for him, if appellants as agents of the owner retook it for him without a breach of the peace they can not be made liable therefor in an action of trespass at the suit of the officer. And if either but only one was such agent the judgment against him jointly with another who might be guilty would be erroneous as to both. Grund v. Van Vleck, 69 Ill. 478.

In this view it is unnecessary to consider the validity of

the levy, or the time, in reference to it, when Burt got the railroad company's receipt, about which question is made in the argument. But if the latter had been material we should hold that evidence of what the station agent said about it, after it was given and out of the presence of the defendants, was improperly admitted. So also as to what he said Burt told him; it was all hearsay.

The third instruction for plaintiff was erroneous in omitting from the hypothesis the finding of a valid levy made, and the modification of the fourth asked by defendants, in implying that fact. The finding of a valid levy was essential to the plaintiff's case, and whether it had been made, which was disputed upon the evidence, was a question for the jury under proper instructions as to what would constitute a valid levy.

Nor is it important now to consider the question of Burt's agency in removing the buggy, since the proof showed it to be worth only $110 or $115; so that the verdict must have included the corn also, and therefore, to the extent of two thirds of the amount found, was so clearly against the law and the evidence that it should have been set aside. For the error indicated the judgment is reversed and the cause remanded.

Reversed and remanded.