## JOHN MCELHANON

## v.

## LOUIS MCFERRON.

*Replevin—Ownership—Possession—Instructions.*

In replevin, where the evidence of ownership is conflicting, an instruction that defendant's possession at and after the commencement of the action is *prima facie* evidence of his ownership, and that, being in possession, he is presumed to be the owner, is erroneous.

[Opinion filed June 13, 1890.]

APPEAL from the County Court of Washington County; the Hon. GEORGE VERNOR, Judge, presiding.

Messrs. JAMES M. ROUNTREE and JAMES A. WATTS, for appellant.

Mr. W. HENRY MOORE, for appellee.

GREEN, J.  This suit in replevin was brought by appellant to recover from appellee certain grain and hogs, averred in first count of declaration to have been unlawfully taken, and, in second count, to have been unjustly detained by appellee. The jury found for the defendant.  Plaintiff's motion for a new trial was overruled.  The court rendered judgment against plaintiff for costs, and he took this appeal.  The only material question in dispute is, who owned the property when plaintiff demanded the possession of it from defendant? Plaintiff contended he was then the owner, and defendant insisted he then owned it.  Each party introduced much testimony in support of his claim of ownership.  Upon that question there was a sharp conflict of evidence, and upon the facts as disclosed by the record the giving of defendant's second instruction was such error as requires us to reverse the judgment.  Defendant was in the lawful possession of the

McElhanon v. McFerron.

property up to the time of demand, but if he was not then the owner of the property, and plaintiff was, it must be conceded the latter had the right to resume the possession of it, and it became the duty of defendant to comply with the demand for possession and deliver the property to plaintiff, and if he refused to do so he became guilty of the unlawful detention charged in the second count of the declaration.

Defendant's second instruction informed the jury, "that possession is *prima facie* evidence of ownership, and that defendant, being in possession of the property in dispute at the time of the commencement of this suit, is presumed to be the owner." This instruction was clearly wrong. It does not follow that because defendant was in possession of the property at the time suit was commenced, and after demand for and refusal to deliver possession to plaintiff, that such possession by defendant furnished, even *prima facie*, evidence of ownership in him, much less would it compel or require the jury to presume, as a matter of law, defendant was then the owner. The instruction was also vicious in this : by it the jury were in effect told not to consider the evidence showing the circumstances and conditions under which defendant acquired and held the possession of the property in dispute, and which evidence was material and pertinent in determining the question of ownership. All this evidence was withdrawn from the consideration of the jury, and if they followed the instruction they were compelled to find the defendant owned the goods at the commencement of the suit, because he was then in possession, and it mattered not whether that possession was rightful or wrongful. It they so found, then defendant could not be guilty of the wrongful detention, and plaintiff could not recover, but would de defeated by a finding not based upon or supported by the evidence and resulting from following the direction of an erroneous instruction. An instruction of similar character is condemned in Bergen v. Riggs, 34 Ill. 170. As this case must be tried by another jury, we refrain from further comment upon the facts. The judgment is reversed and cause remanded.

*Reversed and remanded.*