Schweinfurth v. Dover.

## George Schweinfurth v. Rachael Dover.

1. Evidence—*Names, When Presumptive of Ownership.*—In an action for personal injuries caused by the negligence of the driver of a wagon. the fact that the name of the defendant appeared upon the wagon is evidence that the defendant was the owner and that the

driver of it was in his employ, sufficient, in the absence of proof to the contrary, to support a finding for the plaintiff upon the issues of ownership and employment.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed October 4, 1900.

**Statement.**—Appellee brought this action to recover damages for personal injuries sustained through negligence of an employe of appellant. The evidence discloses that while appellee was going over a street crossing, upon the public street, she was run down by a wagon driven by appellant's employe; that the injury occurred in the day time; that the driver was driving rapidly and was not looking ahead to see whether the street was clear when he ran upon appellee, and that after the injury the driver attempted to escape. Appellee's leg was injured, and she testified that she was confined to her house for three months as a result of the injury. A physician testified that in his opinion there was a permanent injury. The jury found the defendant (appellant) guilty, and assessed appellee's damages at $500. From judgment for that amount this appeal is prosecuted.

CUTTING, CASTLE & WILLIAMS, attorneys for appellant.

FRANCIS T. MURPHY and THADDEUS S. ALLEE, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It is urged by counsel for appellant that the evidence is insufficient to sustain the recovery. We are of opinion that this contention is not tenable. There was evidence of negligence of the driver employed by appellant in his business, in that he failed to look ahead to see where he was driving.

The injury occurred in broad daylight, and it is a reasonable conclusion that but for this act of negligence the ap-

pellee would not have been injured. There is no evidence that appellee was guilty of negligence upon her part from which it could be concluded as a matter of law that she was negligent. The jury by the general verdict have determined that she was in the exercise of ordinary care, and we are of opinion that the verdict is amply sustained by the evidence.

There remains but one question to be determined. At the close of the plaintiff's (appellee's) case, the only evidence that the driver was an employe of appellant consisted in the fact, testified to, that appellant's name appeared upon the wagon. The court denied a motion to direct a verdict for appellant, and thereupon appellant introduced evidence in defense, from which it appeared, beyond dispute, that the driver of the wagon was his employe, engaged about his business. It is urged that it was error to deny the motion, because it had not then been established that appellant was in any manner connected with the injury. We are of opinion that the learned trial court did not err. The evidence then before the court was sufficient to establish a *prima facie* case. Bergen v. Riggs, 34 Ill. 170; P., Ft. W. & C. Ry. Co. v. Callaghan, 157 Ill. 406; Foster v. W. H. Co., 168 Ill. 514.

In view of all the evidence we regard the verdict as not excessive.

The judgment is affirmed.