CHICAGO—FIRST DISTRICT—MARCH, 1912. 347

Independent.Brewing Ass'n v. Cooke Brewing Co., 169 Ill. App. 347.

# Independent Brewing Association, Defendant in Error, v. Cooke Brewing Company, Plaintiff in Error.

## Gen. No. 16,417.

1. REPLEVIN—*what not conclusive evidence of title.* Held, that the fact that the name of the claimant was blown in bottles and that a particular manufacturer made and delivered such bottles to the claimant, did not conclusively show that the same were the property of such claimant or were ever in its possession.

2. PERSONAL PROPERTY—*what evidence of ownership.* Marks and brands and letters on stock and other property are evidence tending to establish identity and ownership.

3. VENDOR AND VENDEE—*when possession of former will not prevail against true owner.* A mere naked possession in a vendor will not hold against the true owner, and the latter may pursue his property and recover it from a purchaser without notice, when he has done nothing to estop him fom asserting his title.

4. BAILMENTS—*effect where identical property is delivered to be restored in altered form.* When the identical thing delivered is to be restored, though in an altered form, the contract is one of bailment, and the title to the property is not changed; but when there is no obligation to restore the specific thing, and the receiver is at liberty to return another thing of equal value, he becomes a debtor to make the return and the title to the property is changed,—it is a sale.

5. EVIDENCE—*when as to custom incompetent.* Held, that evidence of a custom not observed by the party sought to be charged was not competent upon the question of title to personal property.

Replevin. Error to the Municipal Court of Chicago; the HON. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 30, 1912.

E. F. MASTERSON, for plaintiff in error.

MATTHIAS B. PITTMAN, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The Independent Brewing Association brought this

348     APPELLATE COURTS OF ILLINOIS.

Independent Brewing Ass'n v. Cooke Brewing Co., 169 Ill. App. 347.

action of replevin against the Cooke Brewing Company for the recovery of three hundred dozen crown finished pint glass beer bottles with names and marks of Independent Brewing Association blown in the glass, after written demand had been made therefor upon the Cooke Brewing Company for possession of the same which was refused. Cooke Brewing Company pleaded property in Royal Brewing Company, a non-resident corporation of the State of Missouri. In response to the writ seventeen and one-half dozen bottles as described therein were turned over to the officer by Cooke Brewing Company, and in a trial before the court the court found the issues for the Independent Brewing Association, and rendered judgment accordingly. Cooke Brewing Company sued out this writ of error.

The evidence in this record discloses that the Royal Brewing Company bought the bottles in question, July 6, 1910, from the Northwestern Bottling Company of St. Louis by invoice, but it does not appear from the record how the latter company obtained them. Charles F. Cooke, president of the plaintiff in error, testified that the bottles were furnished to his company by the Royal Brewing Co. of Kansas City to be filled with beer; that he saw the seventeen and one-half dozen bottles replevied in this case and noted what kind of bottles they were; that bottles like the bottle in evidence (a Prima) constituted 95 per cent of them; that they also had a label on them and that the first time he saw them was when the constable came to his brewery; that he would state positively that 95 per cent of the Independent bottles were Prima bottles, and that every one of them were twice examined by himself and Mr. Ostheimer; and that he would not let anybody take a bottle away from the brewery that was not called for in the writ, and that he was there until the officers went away, and made them count them out there on the street. It further appears from the rec-

ord that the bottle in evidence was marked by words blown in the glass, "Prima, Registered Property of Independent Brewing Association, Chicago," "A. B. Co." (on the bottom), and upon the outside of the glass are paper labels, one bearing the words, "Genuine Prima, our very best, Registered," and on the other: "We guarantee that this beer is the genuine product of imported hops and finest barley, brewed according to the original Prima process, and is the brewer's own bottling. Independent Brewing Association, Chicago. Prima Registered, pale lager, high grade, Independent Brewing Company, Chicago, Illinois. Trade Mark registered, United States and foreign countries, No. 587. Guaranteed by the Independent Brewing Ass'n, Chicago, under the Food and Drug Act, June 30, 1906." The evidence for the defendant in error further showed that the bottles had on their faces blown in the glass, the words, "This bottle not to be sold," and that "A. B. Co." signified that the bottles were made by the American Bottle Co. from whom defendant in error purchased that character of bottles; that such bottles were made specially for the Chicago trade of the Independent Brewing Association, and that they were never shipped out of Chicago and suburbs; that they never sold the bottles nor exacted money in advance for them, but always sold the beer in the bottles and with the distinct agreement that the bottles were to be returned to the brewery, and that the purchasers of the beer could not sell the bottles. The evidence tends to show that the bottles in question were not lost or stolen.

The real and decisive fact in this case is as to whether or not the bottles in question were sufficiently identified as the bottles of the defendant in error, or to speak more accurately, as to whether or not they were ever its property and in its possession. The court was warranted by the evidence in finding that the defendant in error had never sold the bottles, con-

350    APPELLATE COURTS OF ILLINOIS.

Independent Brewing Ass'n v. Cooke Brewing Co., 169 Ill. App. 347.

ditionally or otherwise, and had never authorized any one to sell them. In other words, if the bottles had belonged to defendant in error and were once in its possession, which is virtually admitted in plaintiff in error's argument, it never transferred the title thereto to any one else, nor authorized any one else to sell or dispose of them in any way, except to return them to it when emptied. While no witness could positively say that he ever saw any one of the bottles, and no witness could testify to whom beer had been sold in these identical bottles, still we think the evidence warranted the court in finding that the bottles were the bottles of the defendant in error, and that they had gotten out of its possession by sale of beer in the bottles with the agreement that the bottles were the bottles of the defendant in error, and that the purchasers had no title thereto, and no right to transfer the title thereto, and were under contract to return them to the Independent Brewing Association as its property. We are not inclined to hold in this case that the facts that the words in evidence were blown in the bottles, and that the American Bottle Company made and delivered such bottles to the defendant in error, make a conclusive showing that the bottles in question are the bottles of the defendant in error, or were ever in its possession, even with the further facts proved that it never sold any such bottles or authorized any one to do so. The defendant in error did not make these bottles. Some bottles of the same character and make may have gotten out of possession of the American Bottle Co. into possession of other parties without ever having become the property of defendant in error. It is not very probable, however, that the defendant in error's paper labels would be found on any bottles other than those that were the property of the defendant in error, and taking all the evidence in this case together we think the evidence sustains the finding of the court.

Marks and brands, and letters, on stock and other property, have been held by our courts to be evidence of identity and of ownership of such property. Bergen v. Riggs, 34 Ill. 170; Foster v. Wadsworth-Howland Co., 168 Ill. 514; Schweinfurth v. Dower, 91 Ill. App. 319; P., Ft. W. & C. Ry. Co. v. Callaghan, 157 Ill. 406; Hurst v. Territory (Oklahoma), 86 Pac. Rep. 280. Such evidence has special force where the label, brand and mark is the actual label, brand or mark of the owner, and placed or caused to be placed on the property by the owner thereof and for his use.

A mere naked possession in a vendor will not hold against the true owner, and the latter may pursue his property and recover it from a purchaser without notice, when he has done nothing to estop him from asserting his title. The purchaser must look to his vendor on the implied warranty of title. Klein v. Seibold, 89 Ill. 540; Fawcett v. Osborn, 32 Ill. 411. There are exceptions to this rule as set forth in the above authorities, but they are not applicable to this case.

When the identical thing delivered is to be restored, though in an altered form, the contract is one of bailment, and the title to the property is not changed; but when there is no obligation to restore the specific article, and the receiver is at liberty to return another thing of equal value, he becomes a debtor to make the return, and the title to the property is changed—it is a sale. Lonergan v. Stewart, 55 Ill. 44. Only the beer in the case at bar was sold, with the understanding that the containers, the bottles, were to be returned. As to the bottles the purchasers were bailees of defendant in error.

Plaintiff in error's counsel has quoted Williston on Sales, p. 478, Sec. 314, as follows: "If the principal send his commodity to a place, where it is the ordinary business of the person to whom it is confided to sell, it must be intended that the commodity was sent thither for the purpose of sale." The author gives

the foregoing as a quotation from Lord Ellenborough in Pickering v. Rusk, 15 East., 38. In that case Lord Ellenborough further said: "Where the commodity is sent in such a way and to such a place as to exhibit an apparent purpose of sale, the principal will be bound, and the purchaser safe." In that same section Williston further says: "Doubtless in the case here supposed the owner's action in sending his goods to a salesroom is some evidence of authority to make a sale, but Lord Ellenborough seems to have supposed that a sale by the person intrusted would transfer a title to a purchaser even though the original owner intrusted the goods to the possessor for some purpose other than sale, which clearly appeared from the evidence. So far as Lord Ellenborough's remarks contain this implication, they go beyond the law both before and since the decision of the case in which the remarks were made." He then cites Wilkinson v. King, 2 Camp. 335, written also by Lord Ellenborough, and Biggs v. Evans, (1894) 1 Q. B. 88; Gilman L. O. Co. v. Norton, 89 Iowa, 434; Quinn v. Davis, 78 Pa. St. 15, which support the text.

The court did not err in excluding evidence of the custom of breweries, generally, of selling beer and bottles together, or of their custom to have their purchasers to pay the value of the bottles and the beer in the first instance with right to the purchasers to return the bottles at the price paid or advanced for them. The evidence of such a custom of defendant in error prior to this suit would have been very material, but such was not the evidence offered.

For the reasons aforesaid the judgment of the Municipal Court is affirmed.

*Judgment affirmed.*