THE CITY OF KANKAKEE, Plaintiff-Appellant, v. JEANETTE VREEMAN, Defendant-Appellee.

Third District   No. 3—87—0873

Opinion filed December 30, 1988.

BARRY, J., dissenting.

Edward G. Vogt, of Kankakee, for appellant.

Robert W. Boyd, of Ackman, Marek, Boyd & Simutis, of Kankakee, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiff, the City of Kankakee, appeals from the granting of a directed verdict in favor of the defendant, Jeanette Vreeman. We reverse.

The city sued the defendant for negligence following a traffic accident in which the defendant and a police officer collided. According to the certified report of proceedings, Officer Ronald Riml of the Kankakee police department testified in a jury trial that on February 9, 1984, while he was on duty in the parking lot of the River Oaks Restaurant on East Court Street in Kankakee, he heard a radio dispatch requesting another unit to investigate a possible burglary. Riml was an assistant shift supervisor, so he decided to respond to the call to make sure that the other officers followed proper procedures.

As Office Riml pulled out of the parking area he turned on his lights and siren. The siren was in a manual mode, so that it was not constantly on but only sounded a short burst when he pressed the button. He turned west onto the inside lane of Court Street. At this point he was 1½ blocks from the intersection of Fairmont and Court Streets.

When the officer was a half block away from the intersection of Fairmont and Court, he saw that the traffic light was red. He decided to go through the intersection. As he proceeded he saw a car driven by the defendant go into the intersection. He turned on his siren, put on the brakes, and swerved to the right. He collided with the defendant on the right side of her car, pushing her into another car. The officer then got out and discussed the accident with the defendant.

The officer estimated that at the time of the accident he had been traveling approximately 25 to 30 miles per hour. He stated that the road was clear and dry.

The defendant then testified as an adverse witness. She stated that she was proceeding north on Fairmont when the accident occurred. She did not see a flashing red light or hear a siren until an instant before impact.

Raymond McGinnis testified that he had been driving west on Court Street at the time of the accident. He saw a squad car using its red lights and siren pull out onto Court Street, travel west for about one block, then suddenly brake and hit a car in the intersection. He said that the squad car had its red lights on as it approached the intersection; he did not recall the lights or siren being turned off before the collision. After the accident the officer asked him if the lights and siren had been on.

Debra Wendell testified that at the time of the accident she was stopped at the intersection of Fairmont and Court, headed south. There were cars in the innermost lane of Court Street waiting to turn into McDonald's. When she glanced to the left she saw a police car coming with its red lights on. She could not recall if the siren was on, although she admitted that in a prior statement to the city's insurance company she had stated that the siren was on. After the collision the defendant's car struck her car. She stated that the pavement was wet at the time.

The plaintiff then rested. The defendant moved for a directed verdict, which was granted by the trial judge.

██ Upon review, a motion for a directed verdict should be affirmed if all of the evidence, when viewed in the light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict could ever stand. (*Thorne v. Elmore* (1979), 79 Ill. App. 3d 333, 398 N.E.2d 837.) The traditional elements of a negligence action which a plaintiff must establish are a duty to exercise care, a breach of that duty, proximate cause, and damages. (*McMillen v. Carlinville Area Hospital* (1983), 114 Ill. App. 3d 732, 450 N.E.2d 5.) Under typical circumstances, a violation of a traffic law constitutes

*prima facie* evidence of negligence. (*Mayfield v. City of Springfield* (1982), 103 Ill. App. 3d 1114, 432 N.E.2d 617.) A driver must yield the right-of-way to a police vehicle which is properly making use of an audible or visual signal. (Ill. Rev. Stat. 1983, ch. 95½, par. 11—907(a).) The driver of an authorized emergency vehicle may proceed past a red stop signal, but only after slowing down as may be necessary for safe operation. Ill. Rev. Stat. 1983, ch. 95½, par. 11—205.

■ Applying the foregoing principles to the instant case, we find that the trial judge should not have directed a verdict. The city presented testimony that Officer Riml had used his red lights and turned on his siren before entering the intersection. Although there was other evidence suggesting that the defendant may not have been able to see or hear the police car and that the officer may not have been exercising due care, we believe that these propositions were not so firmly established that the granting of a directed verdict was proper.

Accordingly, the order of the circuit court of Kankakee County directing a verdict in favor of the defendant is reversed.

Reversed.

HEIPLE, J., concurs.

JUSTICE BARRY, dissenting:
I am not persuaded that plaintiff met its burden of establishing a *prima facie* case against defendant on a theory of negligence, and therefore, I dissent.

According to the certified report of proceedings, there was no testimony "to show that the defendant either looked or failed to look in the direction of the plaintiff's car" and, furthermore, there was no testimony "to show that even if defendant had looked that she would have seen the squad car approaching." There was testimony that there were vehicles waiting to turn left which could have obstructed defendant's view. Although the statute imposes a duty upon drivers to yield the right-of-way to emergency vehicles, the evidence must show that defendant was negligent in failing to do so, and that was not shown here. *Cf. Bouhl v. Smith* (1985), 130 Ill. App. 3d 1067, 475 N.E.2d 244.

In addition, plaintiff did not establish that its police car siren was sounding prior to the moment the police car entered the intersection or, in other words, in time to prevent defendant from entering the intersection in front of the police car. Officer Riml, the driver of plaintiff's car, stated that he activated the siren after he saw defendant in

the intersection. Riml testified that he decided to go through the red light in question while he was a half block away, and that he pushed the manual siren and then stepped on the brake, but not until just before colliding with defendant. He also stated that he was traveling 25 to 30 miles per hour. There was nothing to indicate that Riml slowed down before reaching the intersection, as he was required to do by statute. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—205(c)(2).) This violation of a traffic statute was *prima facie* evidence of Riml's negligence, not defendant's. See *Wegener v. Anna* (1973), 11 Ill. App. 3d 316, 296 N.E.2d 589.

Since plaintiff's evidence was insufficient to establish its *prima facie* case, in my view the trial court correctly directed a verdict for defendant at the close of plaintiff's case. I would affirm.