JUANITA EIKEY, Plaintiff-Appellant, v. MARY RAPP, Defendant-Appellee.

Third District   No. 3—89—0442

Opinion filed November 9, 1990.

Frank J. Black, of Black & Black, of Morris, for appellant.

Esther Joy Schwartz and Mary A. Mazurk, both of Orner & Wasserman, Ltd., of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Juanita Eikey, plaintiff, filed a negligence action against Mary Rapp, Kelly Kreis, and Scott Allen following a three-car accident on Route 52 in Troy Township, Will County, Illinois. Plaintiff appeals from a summary judgment entered in favor of defendant Mary Rapp.

According to the deposition of defendant Rapp, the accident occurred on a day when sleet was falling, and the roads were wet and icy. Although the speed limit in the area was 50 miles per hour, defendant was driving less than the speed limit because of the poor road conditions. Defendant was traveling westerly on Route 52 in the right-hand lane of two westbound lanes. As she reached the I-55 over-

pass, she realized it was even more hazardous and slowed to between 25 and 30 miles per hour. Before reaching the peak of the overpass, defendant looked in her rear view mirror and noticed the Kreis vehicle coming up behind her at a speed defendant considered too fast for conditions. Defendant then tapped her brakes in an effort to warn Kreis of her presence. Kreis' vehicle swerved to avoid defendant's vehicle but was unable to do so, and a collision ensued. Defendant estimated that she was traveling about 25 miles per hour at the time of impact and that Kreis was traveling faster than she was. After the impact, defendant's vehicle was pushed 10 feet forward into a guardrail and came to rest on the right side of the road near the center of the bridge.

Kreis stated in her deposition that she first saw defendant's vehicle just four car lengths in front of her when her own vehicle reached the top of the overpass. At that point, defendant had her brake lights on and was either slowing or was stopped. Kreis applied her brakes, and her car slid into Rapp's car. Kreis estimated her speed prior to applying her brakes was 25 miles per hour. Following the collision, Kreis' vehicle came to a complete stop in the right westbound lane of traffic. About four seconds later, plaintiff's vehicle struck Kreis' vehicle on the right side.

Plaintiff's deposition reveals that she was traveling westbound at about 15 miles per hour when she started up the overpass. As she reached the midpoint of the overpass, the car ahead of her swerved into the left westbound lane. She then saw the Kreis vehicle stopped in her lane, but she was unable to avoid a collision because of traffic in the lane to her left. She did not see defendant's car until after the accident.

Scott Allen stated in his deposition that he witnessed both collisions. He was also traveling westbound on the Route 52 overpass when he lost control of his car and came to a stop in the eastbound lanes of traffic facing northeast. He stated that defendant was traveling slightly below the speed limit and that the Kreis vehicle was sliding at a faster speed than defendant when it collided with that of defendant. About two seconds after the first impact, he observed plaintiff's vehicle collide with that of Kreis.

Count II of the complaint alleged that defendant Rapp committed one or more of the following negligent acts: (1) that she failed to keep a proper lookout; (2) that she drove her car faster than was reasonable under the conditions in violation of section 11—601(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—601(a)); and (3) that she suddenly decreased the speed of her vehicle.

On appeal from the summary judgment entered in favor of defendant, plaintiff contends that the conflicting versions of how the accident occurred create issues of fact which preclude entry of summary judgment.

The rule for entering summary judgments was well stated in *Martin v. 1727 Corp.* (1983), 120 Ill. App. 3d 733, 737, 458 N.E.2d 990:

"The propriety of awarding summary judgment depends upon whether or not a *bona fide* issue of material fact exists between the parties to the action. If, upon examination of the pleadings and affidavits, it can be fairly said that a material dispute exists as to the facts, a motion for summary judgment should be denied. On the other hand, where the pleadings and affidavits show there is no *bona fide* triable issue of fact, a summary judgment should be granted. [Citation.]

Thus, while plaintiffs are not required to prove their case at the summary judgment stage, they are under a duty to present a factual basis which would arguably entitle them to judgment in their favor. [Citation.]"

In the case at bar, plaintiff has provided no factual basis in support of the allegations of the complaint. Although the eyewitnesses disagreed as to some of the details related to the two collisions, none of the witnesses stated that defendant failed to keep a proper lookout, that she was driving faster than was reasonable for the conditions, or that she suddenly decreased the speed of her vehicle. To the contrary, both defendant and Scott Allen said defendant was traveling less than the speed limit at the time of impact. Kreis stated that defendant was either moving slowly or had stopped, but this testimony does not support the allegation that defendant suddenly decreased her speed. Thus, none of the acts of negligence alleged by plaintiff are borne out by the eyewitness affidavits.

Plaintiff also argues that there was evidence that defendant violated section 11—1301(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—1301(a)) pertaining to stopping off the roadway without a clear view of the vehicle available for a distance of 200 feet in both directions and section 11—606(a) of the Code providing that a driver shall not drive too slowly so as to impede the normal and reasonable movement of traffic except when necessary for the safe operation of the vehicle.

As plaintiff points out, a violation of a traffic law constitutes *prima facie* evidence of negligence. (*City of Kankakee v. Vreeman* (1988), 177 Ill. App. 3d 835, 532 N.E.2d 1058.) However, the com-

plaint does not allege violation of either provision cited, and negligence not pleaded cannot give rise to issues of fact that would preclude summary judgment.

On the basis of the pleadings and affidavits, we conclude that summary judgment in favor of defendant Mary Rapp was properly entered by the circuit court of Will County.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.