WILLIAM H. WEGENER, Plaintiff-Appellant, *v.* WILLIAM ANNA, Defendant-Appellee.

(No. 72-169;

Fifth District—May 10, 1973.

Lindauer, Nieman & Lindauer, of Belleville, for appellant.

Ray Freeark, of Freeark, Gunn and Harvey, of Belleville, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff appeals from the entry of summary judgment in favor of the defendant.

Plaintiff alleges in his complaint that an automobile driven by defendant struck and injured him when he was crossing South Illinois Street in Belleville, Illinois. South Illinois Street is a two-way street which intersects with Washington Street, a one-way street on which traffic travels east. At this particular intersection, no traffic lights faced the plaintiff who was crossing the north-south street going in a westerly direction. As he stood on the curb a car proceeding south on the north and south street stopped at the intersection. In a deposition the plaintiff stated "That appeared to me as though the time to walk." Plaintiff did not know what the light was, either for pedestrians or automobiles, going in an easterly or westerly direction when he started across. As plaintiff was walking across the street, looking straight ahead, he was struck by a car which he did not see before the impact. The car was proceeding through the intersection going north. There was no evidence before the court on the summary judgment as to whether the plaintiff looked for approaching traffic previous to crossing the highway.

The trial court entered summary judgment in favor of the defendant and against the plaintiff on the basis that the plaintiff was not, as a matter of law, in the exercise of ordinary care.

The plaintiff argues strenuously that there existed a question of fact, and the defendant contends that the evidence before the trial court from the plaintiff's deposition constituted admissions of contributory negligence as a matter of law.

██ This is a very close question. As a general proposition, the regulation of traffic by stop and go lights and violations of the regulation of traffic by stop and go lights are statutory matters. The violation of a statute is only a prima facie evidence of negligence, and most of these considerations are matters for determination by the trier of fact. The statute establishing the summary judgment procedure is section 57 of

the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 57). This statute provides, in part, "\* \* \* The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." The questions presented here arise from an extract of the plaintiff's discovery deposition which was set forth in the motion for summary judgment. The quotations contained in this extract are referred to by the defendant as admissions and in his summary judgment motion defendant says "\* \* \* said admissions constitute contributory negligence on the part of the plaintiff as a matter of law, and would bar his recovery even if the defendant was negligent at the time of the occurrence, a fact which is denied." There is no question that the answers given by the plaintiff are admissions against his interest. No counter affidavits were filed by the plaintiff. The plaintiff in his complaint has alleged his freedom from contributory negligence and the defendant has denied it.

The motion for summary judgment in this instance raises the question whether the admissions made by the plaintiff show that there is no genuine issue of material fact and that the plaintiff is guilty of contributory negligence as a matter of law.

■■■ We are well aware that we have frequently said that contributory negligence is ordinarily a question of fact for the jury and that it may be, under particular evidence, a matter of law. Since the plaintiff has a constitutional right of trial by jury, summary judgment is not available to the court as a matter of notion or discretion.

From the quotations from plaintiff's deposition contained in the motion for summary judgment, there are several matters, germane to the issue, which are not covered. We do not know what, if anything, the plaintiff did with respect to maintaining a lookout before he was walking across; we only know that he was looking straight ahead as he walked across. We do not know, nor did the plaintiff, whether the traffic lights were in his favor or against him. The plaintiff did not know what hit him, and therefore we do not know if he was struck by the defendant, where the defendant came from, etc. Presumably, much of this information would be adduced on the trial.

■■ The admissions of the plaintiff occurred during a discovery deposition. There is no burden on the party giving a discovery deposition to produce all the evidence he may have. We do not find any inferences from the evidence included which preclude the question of negligence on lookout or answer as a matter of law the element of a proximate cause

of the plaintiff's injuries. Neither do we commend the plaintiff's conduct, nor find that his conduct under all the facts (not now known to us) is or is not a question for the jury.

■■ We cannot construct a rule for summary judgments which will apply in all cases or at all times. It appears to us that, based upon these fragments of evidence, the trial court did not have before it sufficient information in order to permit the determination that there was no genuine issue as to any material fact or that the defendant was entitled to judgment as a matter of law. On facts consistent with the evidence before the court, it is possible that the plaintiff was crossing with the light, and while his lookout could be improved upon, he might have been struck by the defendant who was proceeding against the light, so that a proximate cause of plaintiff's injury might have been the conduct of the defendant rather than the plaintiff's misconduct as a matter of law. We observe in considering the cases which have been decided on this point that the courts have considered the simplicity or complexity of the issues involved. Here the plaintiff's exercise of care involves many components. In this circumstance, we consider that we are in the position of the blind men of old, each of whom touched only part of the elephant. We believe that there is a triable issue of fact which remains for the trier of fact. It may be that when all of the evidence is in, the conclusion will be one of law, but at this point, the court has only a portion of the issue.

■■■ As was said in *Di Leo v. U.S. Fidelity & Guaranty Co.*, 50 Ill. App.2d 183, 200 N.E.2d 405, "We believe the determinative question here presented is whether there is a 'triable issue of fact.' In a summary judgment proceeding, the right of the moving party should be free from doubt. If, upon an examination of the pleadings, depositions, and affidavits, it can be fairly said that a material dispute exists as to the facts, a motion for summary judgment should be denied. On the other hand, where the record shows there is no triable issue of fact, a summary judgment will be granted." In the case involved, we do not find the right of the moving party to be free from doubt. Where such doubt exists, the wiser judicial policy in the present state of the law is to permit the resolution of the dispute by trial rather than by summary judgment.

■■ We do not wish to be understood to rule that in each case there must be a statement that there is no other evidence available in order to permit summary judgment. Each case will have its own merits and facts; here the evidence is incomplete and undeveloped on the point of contributory negligence.

Under our conclusion, we find that the trial court erred in allowing

summary judgment. The cause is therefore reversed and remanded to the trial court with instructions to deny the motion for summary judgment and take further steps in accordance with the law.

Judgment reversed and remanded.

EBERSPACHER, P. J., and G. MORAN, J., concur.