GEORGE N. NASSAR *et al.*, Plaintiffs-Appellants, *v.* FRED SMITH, Defendant-Appellee.

(No. 11959;

Fourth District—August 15, 1974.

McGrady & Madden, of Gillespie (Denis A. McGrady, of counsel), for appellants.

Phelps, Russell & Kasten, of Carlinville (Carl E. Kasten, of counsel), for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

This appeal concerns the right of various parties to certain personal property which was seized pursuant to an execution levied by a sheriff on behalf of a judgment creditor. The basic facts are somewhat confused but are essentially as follows.

The appellants, George N. Nassar and Jules Bralock, filed a replevin petition against Fred Smith alleging that Smith was wrongfully retaining possession of certain tires owned by Nassar and Bralock. These tires had been seized by the sheriff for Fred Smith pursuant to an execution upon a judgment against Tom Walden, who had possession of the tires. The trial court after hearing the evidence denied the writ of replevin and as a consequence, Nassar and Bralock, the purported owners of the tires seized under the execution, appealed.

The third party to the proceeding, Tom Walden, was the judgment debtor of Fred Smith and was operating a wholesale tire business both prior to and subsequent to the execution. In his business he not only sold the tires that he had on his premises but he also would take tires from customers for the purpose of putting whitewalls on them and after completion of the whitewall work returned the tires to the customer.

At the time of the levy, Walden had approximately 400 tires at his place of business that were allegedly owned by Bralock. These tires were placed with Walden for the purpose of "whitewalling them" for $1 per tire and upon completion of the whitewall work, they were to be returned to Bralock. Receipts were introduced showing this arrangement. As regard to the tires of Nassar they were left according to the testimony of Walden to see if "they could work something out" for Walden to become a dealer of Nassar. Walden testified that he would sell Nassar's tires if he could but prior to the execution by the sheriff he had not in fact sold any tires of Nassar. Nassar denied that Walden had any authority to sell.

Both Nassar and Bralock testified that Walden had no ownership interest in the tires; however, neither Bralock nor Nassar filed any financing statements nor had any security agreements nor were there any notices posted on the premises indicating that the tires were held by Walden either by consignment or any type of agreement whereby Walden had no title to them. There was testimony of third parties to the fact that Walden was in fact operating a wholesale tire business and was in fact selling tires in the community and held himself out as a wholesale tire dealer. In analyzing the arguments and the points raised by both Nassar and Bralock, it appears to this court that the two parties

must be treated differently as the relationship with Walden was not the same.

■■ Section 1 of the Replevin Act (Ill. Rev. Stat. 1971, ch. 119, par. 1), provides as follows:

> "That whenever any goods or chattels shall have been wrongfully distrained, or otherwise wrongfully taken or shall be wrongfully detained, an action for replevin may be brought * * *."

The person bringing the action must recover, if at all, on the strength of his own title and his right to immediate possession. *Frank v. Hayes*, 25 Ill.App.2d 99, 166 N.E.2d 283; *Hanaman v. Davis*, 20 Ill.App.2d 111, 155 N.E.2d 344.

Nassar and Bralock contend that Walden had no title and therefore the seizure by the sheriff under the excution was wrongful. Smith, on the other hand, cites section 2—326 of the Illinois Commercial Code (Ill. Rev. Stat. 1971, ch. 26, par. 2—326), and contends that the transactions here involved were "sales or returns". The aforesaid provision of the Code states:

> "(1) Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is
>
> (a) a 'sale on approval' if the goods are delivered primarily for use, and
>
> (b) a 'sale or return' if the goods are delivered primarily for resale.
>
> (2) Except as provided in subsection (3), goods held on approval are not subject to the claims of the buyer's creditors until acceptance; goods held on sale or return are subject to such claims while in the buyer's possession.
>
> (3) *Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return.* * * * However, this subsection is not applicable if the person making delivery
>
> (a) complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign, or
>
> (b) establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others, or
>
> (c) complies with the filing provisions of the Article on Secured Transactions (Article 9). (Emphasis added.)

■■■ The definition in section 2—326 subparagraph (3) of sale or return appears to describe the relationship between Nassar and Walden. The tires were delivered to Walden who engaged in the business of selling tires in his own name. There is a factual discrepancy as to whether in fact Walden had the authority to sell these goods; Walden said he did; Nassar said he did not but that the goods were left with Walden "to sell if they would fit in his [Walden's] program." The trial court did not make any specific finding of fact on that issue. However, the presumption is that the trial court resolved factual discrepancies in favor of sustaining its judgment. (*Tolbird v. Howard*, 43 Ill.2d 357, 253 N.E.2d 444.) As such the presumption is that the trial court resolved the credibility in favor of Walden. In addition, it does appear from the evidence of the tires being left there for a period of time "to see if they would fit in the program" is more than leaving the tires for a cursory inspection to see what they were like. Under these circumstances it is difficult to conceive that there was not the implied if not the direct authority to sell these tires by Walden.

■■ If the foregoing is true, and we find it is, then this arrangement was under section 2—326(3) a "sale or return". Under subsection (2) goods held on sale or return are subject to the claims of the creditors of the buyers. Therefore, the trial court properly denied this replevin writ as against Nassar.

■■■ The situation appears to be different as to Bralock. The tires were shipped to Walden for "whitewalling". Receipts were introduced into testimony showing the delivery "for whitewalling". The testimony was that there was a dollar charge per tire and that the tires were to be returned. As such there was no sale, but merely bailment. Goods delivered to another for alteration are classic forms of bailment. It is stated in 4a I.L.P. *Bailments* § 2, at 498:

> "The term 'bailment' has been defined as the delivery of goods for some purpose under a contract, express or implied, that after the purpose has been fulfilled they shall be redelivered to the bailor or otherwise dealt with according to his directions * * *."

■■■ In distinguishing bailments from sales, courts have held that a sale has not taken place when the identical property is to be returned in altered form and the title and ownership remains in the bailor. In *People v. Moses*, 375 Ill. 336, 31 N.E.2d 585, the court said at pages 339-340:

> "If personal property is delivered by one person to another under an agreement that the same property is to be returned to the person delivering it in the same or an altered form, the contract

is one of bailment and the title to the property remains in the bailor."

See also *Maxcy-Barton Organ Co. v. Glen Building Corp.*, 355 Ill. 228, 189 N.E. 326; *Independent Brewing Ass'n v. Cooke Brewing Co.*, 169 Ill.App. 347.) Even if the chattels are delivered and to be returned in an altered form, a bailment still exists. *Weiland Tool & Manufacturing Co. v. Whitney*, 44 Ill.2d 105, 251 N.E.2d 242; *First National Bank v. Schween*, 127 Ill. 573, 20 N.E. 681.

■■ The existing factual situation clearly establishes that there was a bailment between Bralock and Walden. The tires were not delivered for money but for alteration; they were to be returned after these alterations. There was no testimony that any of these tires had been sold and there was in fact testimony that there was no authority to sell these tires. The ownership of these tires clearly remained in Bralock, subject to the terms of the bailment. As such the creditors of Walden had no right to recover these tires. See 8 Am.Jur.2d *Bailments*, § 100, at page 998, wherein it is said:

> "The general rule is that in the absence of any element of estoppel, bailed property in the possession of the bailee is not subject to attachment or levy under process against the bailee to satisfy claims of his creditors * * *."

■■ Defendant urges that the issue of the bailment was not raised in the pleadings nor was the issue raised in the post-trial brief at the trial court and that it was first raised in the post-trial motion. As such, it is contended that there was a waiver of this defense. This waiver argument is inapplicable in the factual situation here presented. The most that can be said is that the "labels" were not applied. The parties did contest ownership; evidence was taken as to the relationship between the parties. Bralock introduced receipts showing that the tires were shipped for the purpose of "whitewalling." The factual situation was fully explored and to hold that because the term "bailment" was not used below when the facts show a bailment, would be exalting form over substance.

For the foregoing reasons, this matter is affirmed in part and reversed in part, and remanded to the trial court for a determination of which tires were those of appellant Bralock and which were those of appellant Nassar, and for such further proceedings as are not inconsistent herein.

Affirmed in part; reversed in part and remanded to the trial court with directions.

CRAVEN and TRAPP, JJ., concur.