JUDITH GALLOWAY DONNELLY, Plaintiff-Appellee, v. JOSEPH BALTZ, Defendant-Appellant.

Fourth District    No. 13506

Opinion filed November 4, 1976.

David G. Ahlemeyer, of Hanley, Phillips, Traub & Ahlemeyer, of Fairbury, for appellant.

Costigan, Wollrab, Fraker, Wochner & Neirynck, of Bloomington, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The plaintiff filed suit against the defendant to recover for damages to her automobile allegedly resulting from the defendant's negligence and failure to use reasonable and ordinary care. The defendant answered

denying the allegations of the complaint. The plaintiff then filed a request or demand that the defendant admit certain facts. No response was filed to the demand to admit facts. At the time this case was called for trial, counsel for the defendant stipulated that the failure to answer the request to admit facts constituted an admission of the facts set forth in the request. From that motion and the testimony, the facts essential to an understanding and resolution of this case can be ascertained.

In July 1974, plaintiff's father, acting at her request and direction, delivered her automobile, a 1970 Buick, to the defendant's place of business in Chatsworth, Illinois, for repairs. She instructed her father to tell the defendant that when the repairs were completed the defendant should leave the car on the public street in front of the defendant's place of business with the keys for the car on the sun visor and that the plaintiff's father would pick up the car from that place. The evidence is that the defendant complied with the instructions; that the car was taken from the place it was left by someone other than the plaintiff or her father; and while the stolen automobile was being driven, it was wrecked. The parties stipulated that the damages were in the amount of $1750. A bench trial resulted in the entry of a judgment in that amount for the plaintiff. Unfortunately, the trial court made no findings of fact, no conclusions of law, and filed no memorandum of opinion. The trial court simply entered judgment for the plaintiff. The defendant appeals.

In the trial of this case, defendant contended that the relationship between the parties was that of a bailment for mutual benefit and that the defendant was not negligent in his redelivery of the car, the defendant's contention being that the redelivery was complete when he placed the car on the public street as directed by the plaintiff's agent. Also, the defendant urged that the plaintiff was not free from contributory negligence.

At trial, the court's attention was called to the provisions of section 11—1401 of the Illinois Vehicle Code which provides that: "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine and removing the ignition key, and when standing upon any perceptible grade, without effectively setting the brake * * *." (Ill. Rev. Stat. 1973, ch. 95½, par. 11—1401.) The argument in the trial court was that the action of the defendant here constituted a violation of this statutory proscription enacted for the public safety and that such statutory violation would and did constitute prima facie evidence of negligence. Reliance was made upon the often cited case of *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74.

Initially, we should note a factual distinction here as compared to *Ney*. In this case the keys were not in the ignition but had been removed from the ignition although concededly the keys were still in the car. In *Ney*, the plaintiff was a third party who had no connection with the taxicab or the

leaving of the keys in the cab. Plaintiff was an injured but otherwise uninvolved third party. Here, the plaintiff's instructions were followed and the following of those instructions, although arguably a violation of the statute, were the sole and proximate cause of the plaintiff's damages. Thus, the question is, "Can the plaintiff recover from the defendant when the defendant's action, alleged to be the proximate cause of the plaintiff's damages, was performed pursuant to specific instructions given the defendant by the plaintiff?" We answer that question in the negative. Plaintiff was guilty of contributory negligence as a matter of law.

It is an interesting, but academic, legal inquiry to discuss whether the plaintiff cannot recover because when the defendant put the car on the street it was constructively redelivered to the plaintiff, or to argue that the instructions given by plaintiff constitute contributory negligence as a matter of law, or to discuss whether the plaintiff is estopped from arguing that the defendant's actions constituted negligence when she commanded those actions. An examination of any of these would reach the conclusion that plaintiff cannot recover and we would have applied a label, perhaps appropriate, to the transaction. In this case, however, the defendant argued only the theory of bailment and, at best, only inferentially the theory of plaintiff being barred by contributory negligence. In *Nassar v. Smith* (1974), 21 Ill. App. 3d 462, 315 N.E.2d 692, we decided a case on appeal on the theory not specifically presented at trial. We there observed:

> "The most that can be said is that the 'labels' were not applied. The parties did contest ownership; evidence was taken as to the relationship between the parties. Bralock introduced receipts showing that the tires were shipped for the purpose of 'whitewalling.' The factual situation was fully explored and to hold that because the term 'bailment' was not used below when the facts show a bailment, would be exalting form over substance." (21 Ill. App. 3d 462, 467, 315 N.E.2d 692, 696.)

See also *Schatz v. Abbott Laboratories, Inc.* (1972), 51 Ill. 2d 143, 281 N.E.2d 323.

The judgment of the circuit court of Livingston County is reversed.

Judgment reversed.

TRAPP, P. J., and GREEN, J., concur.