DANIEL J. GIERS, Plaintiff-Appellant, v. DONNA ANTEN et al., Defendants.— (DONALD ANTEN, Defendant-Appellee.)

First District (5th Division)    No. 78-198

Opinion filed December 29, 1978.—Rehearing denied February 9, 1979.

536

Allen L. Wiederer, of Chicago, for appellant.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll, John D. Daniels, and David A. Novoselsky, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order of the trial court striking and dismissing counts III and IV of his complaint for failure to state causes of action. These counts seek recovery on theories of negligent and willful and wanton entrustment of an automobile. On appeal he contends that the trial court erred in striking and dismissing counts III and IV of his complaint.

The following facts pertinent to the disposition of this appeal are contained in the record.

Plaintiff alleged in count I of his complaint that on October 29, 1974, he was driving his automobile in a westward direction upon Dundee Road near its intersection with Ranch Mart Drive. At the same time defendant Donna Anten, who was driving an automobile in an eastward direction upon Dundee Road, turned left in a northerly direction across Dundee Road, in an attempt to enter Ranch Mart Drive. Plaintiff alleged that Donna Anten, in so turning, negligently entered the westbound lanes of traffic on Dundee Road, thereby colliding with his automobile. Specifically, plaintiff alleged that Donna Anten was negligent in that she: (1) failed to yield the right-of-way to his automobile; (2) failed to keep a proper lookout for approaching traffic; and (3) drove her automobile into that part of the roadway reserved for traffic moving in the

opposite direction. As a result of Donna Anten's aforesaid negligence, plaintiff claims that he suffered both personal injury and damage to his property.

In Count II of his complaint plaintiff repeated the allegations of count I and further alleged that Donna Anten's actions constituted both reckless driving and willful and wanton misconduct. In this count he sought both compensatory and exemplary damages.

Counts III and IV of the complaint were directed at Donald Anten, husband of Donna Anten. In count III plaintiff alleged that on the date of the accident Donald Anten permitted Donna Anten to drive his automobile even though he knew or should have known her to be a "negligent, reckless or incompetent driver." As the basis for this characterization of Donna Anten as being a "negligent, reckless or incompetent driver," plaintiff alleged three separate incidents where she negligently or recklessly caused collisions with other automobiles. The first incident occurred on June 23, 1971, when Donna Anten negligently or recklessly failed to observe proper lane usage and/or operated her automobile at an excessive rate of speed, thereby causing a collision with and damage to another automobile. Secondly, plaintiff alleged that on August 13, 1971, Donna Anten again negligently or recklessly operated an automobile at such an excessive rate of speed as to cause a collision with another automobile. Thirdly, plaintiff alleged that on November 22, 1971, Donna Anten, while intoxicated, caused her automobile to once again collide with another automobile. Plaintiff also alleged that on December 17, 1971, Donna Anten pleaded guilty to and was convicted of the offense of driving a motor vehicle while having been intoxicated on November 22, 1971. As a result of that plea her driving license was suspended until September 27, 1974.

Plaintiff alleged further that Donald Anten's negligent entrustment of his automobile to his wife on October 29, 1974, proximately caused the collision and injuries which he received as described in count I of the complaint.

In count IV plaintiff reasserted the allegations of count III and further alleged that by entrusting the automobile to Donna Anten on October 29, 1974, Donald Anten was guilty of willful and wanton misconduct, again seeking exemplary as well as compensatory damages.

In her answer to counts I and II of the complaint, Donna Anten admitted that a collision occurred between plaintiff's automobile and the automobile driven by her, but denied that she negligently drove into the westbound lanes of traffic. She specifically denied that she was guilty of the negligent, reckless or willful and wanton acts or omissions described by plaintiff in counts I and II. She also denied that her conduct proximately caused the collision with plaintiff's automobile and that

plaintiff had exercised due care for the safety of his person and property.

Defendant Donald Anten filed a motion to strike counts III and IV of the complaint for failure to state causes of action for negligent or willful and wanton entrustment of his automobile to Donna Anten. In support of his motion, Donna Anten argued that because the alleged negligent acts of Donna Anten occurred three years prior to the entrustment, they were irrelevant and immaterial to the skill of Donna Anten and to his own knowledge of her driving skill on the date of the entrustment. He also argued that plaintiff had failed to claim "that any particular alleged incompetency of Donna Anten allegedly involved in prior occurrences proximately caused the incident in 1974."

On November 15, 1977, the trial court granted the motion to strike. The order striking counts III and IV with prejudice stated in pertinent part that:

"* * * the three year intervening period between the incidents of 1971 and the incident of 1974 out of which this lawsuit arises creates an insulating period, precluding as a matter of law, a finding that Donald J. Anten could or would have been guilty of negligence in permitting Donna Anten to operate his motor vehicle in October, 1974 * * *."

Plaintiff appeals from the order striking and dismissing counts III and IV with prejudice.

OPINION

■■ We initially note that the courts of this State have long held that liability may arise from the act of entrustment of an automobile to one whose incompetency, inexperience or recklessness is known or should have been known by the owner or entrustor of the automobile. (*Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235; *Bensman v. Reed* (1939), 299 Ill. App. 531, 20 N.E.2d 910.) The principles supporting this rule are well stated by the court in *Bensman* as follows:

"It must be recognized as an undisputable fact that an automobile with all its capabilities for power and speed does when being driven by an incompetent or reckless driver become an instrument of potential danger.

If an incompetent or reckless driver while driving the automobile of another for his own purposes commits an act that causes the automobile to damage another, the action or movement or the failure to act that caused the automobile to commit the injury was the act of the driver, but the owner's permission * * * supplied the instrumentality, the use of which combined with the negligent act of the driver caused the injury. The permission of the

owner sets in motion one of the agencies which makes possible the commission of the negligent act." 229 Ill. App. 531, 533, 20 N.E.2d 910, 911.

Plaintiff contends that counts III and IV of his complaint state causes of action for both negligent and willful and wanton entrustment of an automobile.

Ordinarily, the question of whether an individual has been guilty of negligence is a question of fact, with evidence thereon best addressed to the jury. (*Sheley v. Guy* (1975), 29 Ill. App. 3d 361, 330 N.E.2d 567, *aff'd* (1976), 63 Ill. 2d 544, 348 N.E.2d 835.) The question becomes one of law only where the evidence is such that all reasonable persons would agree that defendant was not negligent. (*Brown v. City of Streator* (1945), 324 Ill. App. 659, 59 N.E.2d 338 (abstract).) As our supreme court stated in *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 84, 117 N.E.2d 74, 80:

> "The debatable quality of issues such as negligence and proximate cause, the fact that fair-minded men might reach different conclusions, emphasize the appropriateness and necessity of leaving such questions to a fact-finding body. The jury is the tribunal under our legal system to decide that type of issue. To withdraw such questions from the jury is to usurp its function."

Willful and wanton misconduct is that which is committed with an intentional or reckless disregard for the safety of others or with an intentional disregard of a duty necessary to the safety of another's property. (*Wheatley v. Towers* (1977), 44 Ill. App. 3d 867, 358 N.E.2d 971.) Whether a particular act constitutes willful and wanton misconduct depends upon the facts of each case (*Spence v. Commonwealth Edison Co.* (1975), 34 Ill. App. 3d 1059, 340 N.E.2d 550) and has also been held to be a question of fact for the jury to determine. *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 69 N.E.2d 293.

In the present complaint plaintiff alleged that Donna Anten was a "negligent, reckless or incompetent" driver. As the basis for this allegation he cited her prior negligent involvement in three automobile accidents during a five-month period in 1971, approximately three years prior to the accident in question here. Plaintiff also cited the fact that her driving license was revoked on December 17, 1971, following her conviction for driving while intoxicated and was not reinstated until September 27, 1974, approximately one month prior to the present occurrence. Plaintiff further alleged that Donald Anten was guilty of both negligence and willful and wanton misconduct when he entrusted his automobile to his wife since he knew or obviously should have known that, based upon her driving history, she was a reckless driver.

■■■ In considering a motion to dismiss, the trial court must accept as true all facts well pleaded as well as reasonable inferences which can be

drawn from those facts. (*Dear v. Locke* (1970), 128 Ill. App. 2d 356, 262 N.E.2d 27; *Bray v. Illinois National Bank* (1976), 37 Ill. App. 3d 286, 345 N.E.2d 503.) The trial court's decision to grant the motion to dismiss may be sustained on appeal only if no set of facts as pleaded by plaintiff could conceivably state a cause of action. (*Courtney v. Board of Education* (1972), 6 Ill. App. 3d 424, 286 N.E.2d 25.) From our review of the record we believe that whether Donna Anten was a reckless or incompetent driver and whether Donald Anten was guilty of negligence or willful and ·wanton misconduct in entrusting his automobile to his wife are not questions of law to be determined solely from the pleadings. Rather these are questions of fact which can be answered only after a full presentation of the facts. Accordingly, we must remand counts III and IV for further proceedings on the merits.

■■■ Donald Anten contends, however, that the three-year intervening period between the incidents of alleged negligence in 1971 and the entrustment in 1974 operates as an insulating period which, as a matter of law, bars a finding that he was negligent in allowing Donna Anten to operate his motor vehicle. The trial court also announced this as its reason for dismissing the complaint. As we have stated above, the questions of Donald Anten's negligence or willful and wanton misconduct in entrusting the automobile are questions of fact. The three-year intervening period is a factor which may be considered by the jury in determining whether Donald Anten was negligent or guilty of willful and wanton misconduct; it is not, however, sufficient to preclude liability as a matter of law. "[D]efenses which are factual in their nature rather than legal are not available to defendants on a motion to dismiss, but should be set forth in their answer." (*Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 586, 325 N.E.2d 799, 808.) We, therefore, find this contention to be without merit.

Donald Anten also contends that plaintiff has failed to properly allege that the injury was proximately caused by a specific incompetency of Donna Anten of which he was or should have been aware. In support of his contention he cites *Bensman v. Reed* (1939), 299 Ill. App. 531, 534, 20 N.E.2d 910, 911, where the court said:

"The liability of the owner does not arise by merely proving that he gave permission to an incompetent driver to drive his automobile but it must also appear that the incompetency alleged was the proximate cause of the commission of the negligent act which caused the injury. In this case the incompetency alleged is John's defective vision and as one of the elements of a cause of action it was incumbent upon plaintiff to prove that John's negligent act in the management of the car was caused by his incompetency arising out of defective vision."

Although we agree with the reasoning in *Bensman*, we believe that case is clearly distinguishable from the present case. Plaintiff in *Bensman* alleged that defendant had entrusted his automobile to a driver who was incompetent as a result of a single specific defect, poor vision. The court quite properly held that defendant could be held liable for negligent entrustment only if the accident were a result of the driver's poor vision. However, liability may arise from the entrustment of an automobile to a reckless driver as well as to an incompetent driver. There is a "duty upon the owner to deny permission to another to drive his automobile for his own purposes when he knows such person is an incompetent or reckless driver." (*Bensman v. Reed* (1939), 299 Ill. App. 531, 534, 20 N.E.2d 910, 911.) Recklessness, therefore, is not merely a form of incompetency, but, rather, is itself a separate basis for imposing liability upon the entrustor of an automobile. Here plaintiff has alleged that Donna Anten was a "negligent, reckless or incompetent" driver and that the present accident was proximately caused by her negligent, reckless or willful and wanton driving. As we have previously stated, the question of whether Donna Anten was in fact a reckless driver, is one of fact for the jury to decide. We, therefore, believe that plaintiff has stated a cause of action and is entitled to a jury trial.

For the foregoing reasons the judgment of the circuit court dismissing counts III and IV of the complaint as amended is reversed. These counts are hereby remanded for further proceedings not inconsistent with the opinions expressed herein.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.