HEIDI PELCZYNSKI, Plaintiff-Appellant, v. J.W. PETERS & SONS, IN-CORPORATED, Defendant-Appellee (Thomas E. Dolatowski, as Special Adm'r of the Estate of George Braun, Deceased, *et al.*, Defendants).

Second District No. 2—88—0296

Opinion filed January 18, 1989.

Robert E. Lessman and Ned L. Fisher, both of Hall, Holmberg, Roach, Johnston, Fisher & Lessman, of Waukegan, for appellant.

Daniel P. Felix, Paul S. Chervin, and David A. DeRose, all of Wildman, Harrold, Allen & Dixon, of Waukegan, for appellees J.W. Peters & Sons, Inc., Continental Insurance Corporation, and Vic's Inc.

Theodore A.E. Poehlmann, of Cowlin & Poehlmann, of Crystal Lake, for appellee Thomas E. Dolatowski.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Heidi Pelczynski, appeals from a judgment of the circuit court of McHenry County granting defendant's motion for summary judgment. On appeal, plaintiff maintains that the trial court erred in granting defendant's motion because there was a genuine issue of material fact as to whether the driver of the car involved in the alleged accident was acting within the scope of the entrustment defendant granted to him. We reverse and remand.

On March 31, 1986, plaintiff was a passenger in a car driven by George Braun, an employee of defendant J.W. Peters & Sons, Incorporated (Peters). An accident occurred. Braun was killed and plaintiff was severely injured. Peters had rented the car for Braun to use in commuting between Peters' offices in Burlington, Wisconsin, and a jobsite in Deerfield, Illinois. Braun was instructed that the car was only to be used for travel to the jobsite and not for personal business. There is no dispute that Braun was not acting within the scope of his employment at the time of the accident. There is a dispute as to whether he was acting within the scope of the entrustment.

Pelczynski filed suit against defendant, alleging that Peters negligently entrusted the rented car to a person it knew or should have known had a poor driving record. Peters then filed a motion for summary judgment, arguing that it was not liable for negligent entrustment because Braun was not acting within the scope of his employment at the time of the accident and was acting outside the scope of his permission to use the car. Plaintiff did not dispute that Braun was acting outside the scope of his employment, but argued that there was a genuine issue of material fact as to whether Braun was instructed not to use the car for personal business. The trial court granted defendant's motion, and after a motion to reconsider was denied, this appeal ensued.

A trial court should grant summary judgment only if "the undisputed evidence when construed most strongly against the moving party establishes that he is entitled to judgment as a matter of law. [Citation.]" (*Blonder v. Watts* (1988), 166 Ill. App. 3d 633, 636, 520 N.E.2d 75, 77.) On review, we must "consider all grounds urged and facts revealed by the record to determine if a genuine issue of material fact remained to be determined by a jury and whether the defendants were entitled to summary judgment as a matter of law. [Citations.]" (*Moore v. Hill* (1987), 155 Ill. App. 3d 1, 7, 507 N.E.2d 1314, 1317.) The trial court did not set forth findings of fact in the record as to the basis of its granting summary judgment. This court therefore will presume that the court adopted the facts alleged in defendant-appellee's affidavits and adopted the legal conclusions of defendant-appellee. The record does reflect that the defendant-appellee alleged facts showing that the deceased employee was acting outside the scope of his employment. Presumably the court then determined the complaint setting forth negligent entrustment entitled the defendant-appellee to summary judgment.

Plaintiff's complaint sounded in negligent entrustment. The general rule concerning negligent entrustment is stated as follows:

"[T]he owner of a motor vehicle who places or entrusts the vehicle in the hands of an incompetent or unfit person, thereby enabling the latter to drive it, knowing, or *** being charged with knowledge, that such driver is incompetent or unfit to drive, may be held liable for an injury negligently inflicted by the use made thereof by that driver as a proximate result of his incompetency or unfitness, *although the use being made of the vehicle at the time of the injury was beyond the scope of the owner's consent.*" (Emphasis added.) (Annot., 168 A.L.R. 1364, 1366 (1947).)

In *Bensman v. Reed* (1939), 299 Ill. App. 531, 20 N.E.2d 910, the court adopted a general rule of negligent entrustment, stating:

"There is a well-founded principle of law that an owner of property has a duty to use his property so as not to injure another and it is but a sequence of that rule that places the duty upon the owner to deny permission to another to drive his automobile for his own purposes when he knows such person is an incompetent or reckless driver or by the exercise of reasonable diligence he could have known of such incompetency or recklessness." *Bensman*, 299 Ill. App. 3d at 534, 20 N.E.2d at 911.

The issue defendant raised in its motion for summary judgment and further advocates here is that it may not be held liable for negligent entrustment because Braun was not using the car within the scope of his employment or the scope of defendant's consent. Defendant relies on *Insurance Co. of North America v. Hewitt-Robbins, Inc.* (1973), 13 Ill. App. 3d 534, 301 N.E.2d 78, as support for this proposition. However, our reading of *Insurance Co. of North America* does not lead us to that conclusion. At no time was the issue of negligent entrustment raised by the court. The court in *Insurance Co. of North America* considered the issue of *respondeat superior*.

Two cases which involve negligent entrustment and *respondeat superior* are *Neff v. Davenport Packing Co.* (1971), 131 Ill. App. 2d 791, 268 N.E.2d 574, and *Rosenberg v. Packerland Packing Co.* (1977), 55 Ill. App. 3d 959, 370 N.E.2d 1235. In *Neff*, the court was presented with the issue of whether a defendant who admits liability under a *respondeat superior* theory can also be found liable under negligent entrustment. The court concluded that the defendant could not be held liable under negligent entrustment because "issues relating to negligent entrustment become irrelevant when the party so charged has admitted his responsibility for the conduct of the negligent actor." *Neff*, 131 Ill. App. 2d at 792, 268 N.E.2d at 575.

The *Rosenberg* case involved a question of whether defendant neg-

ligently entrusted a truck to a driver that it knew or should have known was mentally unstable. While the court held that the defendant could not be held liable under *respondeat superior* for intentional infliction of emotional distress, defendant could be liable for entrustment of the vehicle to an incompetent driver. (*Rosenberg*, 55 Ill. App. 3d at 965, 370 N.E.2d at 1238-39.) Finally, we note our recent decision in *Bates v. Doria* (1986), 150 Ill. App. 3d 1025, 502 N.E.2d 459, where we stated with respect to the tort of negligent hiring:

> "Our supreme court long ago recognized that an employer's direct liability for negligent hiring and retention differs from his liability by way of *respondeat superior* [citation], and it has been held that the former action may be maintained even if the employee's conduct falls outside the scope of employment [citations]." *Bates*, 150 Ill. App. 3d at 1031, 502 N.E.2d at 458-59.

 █ Our review of the relevant case law leads us to conclude that defendant was not entitled to summary judgment as a matter of law on the factual issues presented by motion to the trial court. Whether Braun was acting within the scope of defendant's consent is not an element of proof in a negligent entrustment case. The two primary considerations in a negligent entrustment case are whether the owner entrusted his car to an incompetent or unfit driver and whether that incompetency was the proximate cause of the accident that injured the third party. (*Allstate Insurance Co. v. Panzica* (1987), 162 Ill. App. 3d 589, 592-93, 515 N.E.2d 1299, 1301.) The negligent act of giving an automobile to an unfit driver, not the scope of consent, forms the basis of the tort. Therefore, the defendant was not entitled to summary judgment as a matter of law on the issue it presented to the trial court.

The judgment of the circuit court of McHenry County is reversed, and the cause is remanded.

Reversed and remanded.

WOODWARD and DUNN, JJ., concur.