DENNIS E. TAITT *et al.*, Plaintiffs-Appellants, v. DAVID K. ROBINSON *et al.*, Defendants-Appellees.

Fifth District    No. 5—93—0173

Opinion filed June 22, 1994.—Rehearing denied September 21, 1994.

RARICK, J., concurring in part and dissenting in part.

Stephen R. Green, of Mitchell & Armstrong, Ltd., of Marion, for appellants.

James B. Bleyer, of Bleyer & Bleyer, of Marion, for appellee Leroy Robinson.

No brief filed for appellee David K. Robinson.

JUSTICE MAAG delivered the opinion of the court:

This is a personal injury action filed by the plaintiffs, Dennis Taitt and Marcella Lou Lacy, against the defendants, David Robinson and Leroy Robinson. On December 7, 1989, David Robinson was operating a pickup truck on the Colp Blacktop in Williamson County, traveling in an easterly direction. The truck belonged to David's father, Leroy Robinson. At the same time, Dennis Taitt was operating his own pickup truck on the Colp Blacktop and traveling in a westerly direction. Marcella Lacy was riding as a passenger in the Taitt vehicle. A collision occurred between the vehicles, and Taitt and Lacy allege that they were injured.

Taitt and Lacy sued David Robinson and Leroy Robinson as a result of the collision. David was sued in counts I, II, and III on a negligence theory premised upon his own alleged acts or omissions. Leroy Robinson was sued in counts IV, V, and VI on a negligent entrustment theory.

Discovery proceeded in the case, and ultimately a summary judgment motion was filed on behalf of Leroy Robinson with respect to all counts directed against him. The motion alleged that at the time of the collision, David Robinson was operating the truck owned

by Leroy Robinson without any permission, either express or implied. Therefore, it was claimed that no entrustment had occurred.

In an order entered January 14, 1993, and filed the next day, the circuit court granted the motion and entered judgment in favor of Leroy Robinson on all counts directed against him. Thereafter, in an order entered on February 22, 1993, and filed the next day, the circuit court made a finding pursuant to Supreme Court Rule 304 (134 Ill. 2d R. 304) with respect to the summary judgment order, and plaintiffs appealed. For reasons which follow, we affirm in part, reverse in part, and remand.

For purposes of this decision we need not recite the facts dealing with the accident itself. Nor is it necessary to review the facts that are claimed to constitute a bad driving record on David's part. The sole issue we are confronted with in this appeal is whether the undisputed facts and inferences to be drawn therefrom entitle Leroy Robinson to summary judgment on the element of entrustment.

Summary judgment is proper only in those cases where the undisputed evidence and inferences to be drawn therefrom, when viewed in the light most favorable to the opponent of the motion, establish the movant's right to judgment as a matter of law. (*Pelczynski v. J.W. Peters & Sons, Inc.* (1989), 178 Ill. App. 3d 882, 533 N.E.2d 1137.) Any doubt as to the movant's right to summary judgment should be resolved by trial rather than summary judgment. (*Wegener v. Anna* (1973), 11 Ill. App. 3d 316, 296 N.E.2d 589.) It is only when the party seeking summary judgment demonstrates that his right to judgment is clear, free from doubt, and determinable solely as a matter of law that the summary judgment should be entered. *Plastics & Equipment Sales Co. v. DeSoto, Inc.* (1980), 91 Ill. App. 3d 1011, 415 N.E.2d 492.

A negligent entrustment cause of action arises where a person entrusts an automobile to another whose incompetency is known or should be known to the entruster and the incompetence of the person receiving the automobile causes injury to another. (*Giers v. Anten* (1978), 68 Ill. App. 3d 535, 386 N.E.2d 82; *Bensman v. Reed* (1939), 299 Ill. App. 531, 20 N.E.2d 910.) In a negligent entrustment action there are two primary considerations: (1) whether the owner entrusted his car to an incompetent or unfit driver, and (2) whether the incompetency was a proximate cause of the accident. The negligent act of giving the car to the unfit driver, not the scope of the consent, is the basis of the cause of action. *Pelczynski*, 178 Ill. App. 3d at 886, 533 N.E.2d at 1140.

A necessary prerequisite for finding an entrustment is the matter of consent. Consent to use the automobile may be either express or implied. *Kosrow v. Acker* (1989), 188 Ill. App. 3d 778, 544 N.E.2d 804.

In the case at bar, the plaintiffs claimed that Leroy Robinson gave both express and implied permission to David to use his truck. We will discuss these separately.

Plaintiffs argue that express permission was given to use the truck at the time of the collision. Both David and Leroy Robinson dispute this. It is undisputed that David was given permission to use the truck earlier in the day, but only in the farm fields.

■ Taitt and Lacy argue that this amounts to express consent because the issue is not the scope of the consent but only whether any consent for use was given. They rely upon *Pelczynski* for this proposition. Leroy Robinson points to his own discovery deposition and that of his son, David, to support the claim that no express consent was given. We have reviewed the record and conclude that no express permission was given to operate the truck at the time of the accident. While it is true that David used the truck earlier in the day on the farm and with permission, he had returned it to his father prior to the accident and no further express permission was given prior to the accident. There was express consent earlier in the day, but this terminated upon the return of the truck. For these reasons, we affirm that part of the trial court's order which found an absence of express consent.

Turning now to the issue of implied consent, we are confronted with a less clear issue for resolution. Implied consent is implicated if an inference can be fairly raised, based upon a course of conduct or the relationship of the parties or a lack of objection, that indicates the existence of consent. (*Kosrow*, 188 Ill. App. 3d at 784, 544 N.E.2d at 807.) Taitt and Lacy presented the affidavit of Richard Sanchez on the implied-consent issue. Sanchez's affidavit indicated in substance:

> (1) David had driven his father's truck many times before the accident;
> (2) the keys were left in the vehicle at all times; and
> (3) David lived adjacent to where the truck was parked.

■ Given these facts and the father-son relationship between David and Leroy, Taitt and Lacy argue that sufficient facts were presented to preclude summary judgment on the implied-consent issue. We agree. As stated earlier, all doubts must be resolved against the movant, and if there is any question as to the propriety of granting the motion, then the court should opt for a trial rather than a summary judgment. (*Wegener*, 11 Ill. App. 3d 316, 296 N.E.2d 589.) We believe that while the issue is close, the facts and the inferences to be drawn from the facts create a material issue of fact sufficient to preclude summary judgment on the element of implied consent.

Justice Rarick states in his dissent that he sees "no evidence of

negligent entrustment, whether it be express or implied." (266 Ill. App. 3d 135.) He further finds no relevance to the fact that the keys were always left in the truck and that David used the truck many times before. We believe that this dissent must be addressed.

In *Donnelly v. Baltz* (1976), 43 Ill. App. 3d 106, 356 N.E.2d 1163, the owner of a vehicle delivered it to a business for repairs. On the instructions of the owner, the keys were placed on the visor after the repairs were complete. Later, the car was stolen and wrecked. The owner sued the repair business. Without explanation of the basis, the trial court entered judgment for the plaintiff. In this precomparative-negligence case, the appellate court found the owner negligent as a matter of law, reversed the judgment of the trial court, and entered judgment in favor of the defendant. The sole basis for finding the owner negligent was the fact that he had left instructions to leave the keys on the visor. The conduct of Leroy in the case at bar was even more egregious than that in the *Donnelly* case. In *Donnelly*, the keys were left on the visor. In the case at bar, they were left in the ignition. In *Donnelly*, there was no showing of any specific reason to believe the car would be stolen. In this case, David regularly used the truck on the highway. It is not our function to weigh the evidence; rather, we must construe the facts and inferences most strongly against the movant. In so doing, we believe that if Leroy had been serious about withdrawing permission to use the truck, he could have simply withdrawn the keys from the ignition along with his permission. The failure to do so, in our opinion, raises an inference of implied consent.

Accordingly, the order of the circuit court granting summary judgment on the express consent issue is affirmed. Regarding that portion of the order dealing with implied consent, the circuit court is reversed. The cause is remanded for further proceedings consistent with this order.

Affirmed in part; reversed in part and remanded.

GOLDENHERSH, J., concurs.

JUSTICE RARICK, concurring in part, dissenting in part:
Because I believe the issue of implied consent is equally clear, I write this dissent. Based on the depositions of the parties, it is clear that David took his father's truck without any express permission from or knowledge of his father several hours after he already had relinquished possession of the vehicle that day and his permission to use it expired. More importantly, Leroy had specifically told David

he could not use the vehicle except with his express permission and only for work across the road. Leroy repeatedly told his son he could not take the vehicle out on the highway, yet this is exactly what David did. The majority bases its decision on the facts the keys were left in the truck at all times and David had used the truck many times before. I see no relevance to these facts given that Leroy expressly told his son he could not use the vehicle for anything but work and then only with his permission. I simply see no evidence of negligent entrustment, whether it be express or implied, and therefore, I would affirm the trial court's order granting summary judgment in its entirety.