# Illinois Official Reports

## Appellate Court

---

**American Access Casualty Co. v. Novit, 2018 IL App (1st) 171048**

---

| | |
|---|---|
| Appellate Court Caption | AMERICAN ACCESS CASUALTY COMPANY, Plaintiff-Appellee, v. KELLY NOVIT; CIPRIAN TANASE; and EILEEN CONWAY, Defendants (Eileen Conway, Defendant- Appellant). |
| District & No. | First District, First Division<br>Docket No. 1-17-1048 |
| Filed | March 30, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-CH-6523; the Hon. Franklin U. Valderrama, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Pfaff, Gill & Ports, Ltd., of Chicago (Michael T. Gill, of counsel), for appellant.<br><br>James P. Newman & Associates, LLC, of St. Charles (William H. Ransom, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE PIERCE delivered the judgment of the court, with opinion.<br>Justices Harris and Mikva concurred in the judgment and opinion. |

¶ 1     In this declaratory judgment action, defendant Eileen Conway appeals from the circuit court's judgment finding that plaintiff American Access Casualty Company (American Access) had no duty to defend or indemnify its insured, defendant Kelly Novit, in connection with an underlying personal injury action (the underlying action). In the underlying action, Conway sued to recover damages for injuries she sustained when she was struck by Novit's vehicle, which was driven by defendant Ciprian Tanase. Conway asserted that Tanase was negligent when he struck Conway with Novit's vehicle and that Novit negligently entrusted her vehicle to Tanase because Novit knew or should have known that Tanase was intoxicated. Novit's automobile insurer, American Access, filed this declaratory judgment action seeking a declaration of rights regarding its duties to defend and indemnify Tanase and Novit in the underlying action. The circuit court granted summary judgment in favor of American Access, finding that it had no duty to defend or indemnify either Tanase or Novit. Conway appeals from the portion of the circuit court's judgment finding that American Access had no duty to defend or indemnify Novit. For the following reasons, we reverse and remand for further proceedings.

¶ 2                                BACKGROUND

¶ 3     The following facts are set forth in Conway's two-count amended complaint in the underlying action. On March 29, 2014, at around noon, Novit and Tanase were together at a forest preserve where Novit observed Tanase "consume an alcoholic beverage." Novit then allowed Tanase to drive her 2012 Dodge Avenger, with her as a passenger, to a 7-Eleven. While at the 7-Eleven, Novit observed Tanase consume "multiple alcoholic beverages." Novit then again allowed Tanase to drive her vehicle, with her as a passenger, to a pizza restaurant. While there, Novit observed Tanase "consume at least one alcoholic beverage." Novit then again allowed Tanase to drive her vehicle, again with her as a passenger, to a gyros restaurant where Novit exited the vehicle and then gave Tanase "express or implied permission" to continue using her vehicle. Novit "knew or should have known that [Tanase] was intoxicated, incompetent, or reckless" and "knew or should have known that her [vehicle] would likely be used in a manner involving an unreasonable risk of harm to others." After leaving the gyros restaurant alone in Novit's vehicle, Tanase struck Conway at around 7 p.m. as she crossed the street, resulting in Conway's injuries. Conway alleged that Tanase's "intoxication, incompetency, or recklessness" was a proximate cause of her injuries.

¶ 4     After Conway initiated the underlying action, American Access filed this declaratory judgment action and filed a three-count amended complaint. American Access acknowledged that it issued Novit an auto insurance policy and that she is the named insured under the policy. In count I, American Access asserted that it had no duty to defend or indemnify Tanase because he was not an insured under Novit's policy and was operating the vehicle without Novit's express or implied permission. American Access asserted in count II that it had no duty to defend or indemnify either Novit or Tanase under the "reasonable belief" exclusion to the auto policy, which excluded coverage for "any person operating the vehicle without a reasonable belief that he or she is entitled to do so." American Access contended that Tanase was not the named insured under the policy and that he did not have a valid driver's license at the time of the accident, and therefore he had no reasonable belief that he was entitled to

operate Novit's vehicle. Count III asserted that American Access had no duty to defend or indemnify Novit against Conway's negligent entrustment claim because the policy did not provide coverage for bodily injuries caused by the separate tort of negligent entrustment.

¶ 5 American Access moved for summary judgment on its "reasonable belief" exclusion claims in count II. The motion was fully briefed, and on July 26, 2016, the circuit court entered a written order granting American Access's motion with respect to Tanase but denying the motion with respect to Novit. The circuit court examined the policy, which contained an exclusion that provided, "This policy does not apply to and does not provide coverage [for bodily injury liability and property damage liability] for: *** (q) any person operating an automobile without a reasonable belief that he or she is entitled to do so, however, this exclusion does not apply to operation of the owned automobile by the named insured or relative." The circuit found that American Access had no duty to defend or indemnify Tanase because he could not have had a reasonable belief that he was entitled to operate Novit's vehicle since he did not have a driver's license. The circuit court further found that the reasonable belief exclusion did not apply to Novit because she was not driving the automobile at the time of the accident and, even if she had been, the exclusion would not apply to her because she was the named insured under the policy. The circuit court's written order states "that the [reasonable belief] exclusion does not exclude Novit from coverage under the [p]olicy based on the allegations of the underlying complaint," and concluded that "based on the allegations of the [u]nderlying complaint, the reasonable belief exclusion does not apply to Novit." We note that the circuit court did not conclude that American Access had a duty to defend Novit based on the inapplicability of the reasonable belief exclusion; the circuit court found that that the reasonable belief exclusion did not apply and therefore was not a basis from which it could conclude that the American Access had no duty to defend under the policy.

¶ 6 American Access then filed a motion for partial summary judgment on its claim in count III that the policy did not provide coverage for claims of negligent entrustment and a motion for reconsideration of the circuit court's summary judgment order on the "reasonable belief" exclusion claim in count II as it pertained to Novit. On March 9, 2017, the circuit court denied American Access's motion to reconsider. After briefing on American Access's motion for summary judgment on count III, the circuit court entered a handwritten order on March 23, 2017, drafted by counsel for American Access, granting summary judgment in favor of American Access, finding "there is no coverage for [d]efendant Novit on the claim of negligent entrustment." The order also stated that the circuit court previously resolved American Access's "reasonable belief" exclusion claims. The order further stated that American Access voluntarily dismissed its claim in count I that it had no duty to defend or indemnify Tanase on the grounds that he was not a named insured. The circuit court's March 23, 2017, order states that it is "a final order with all claims of all parties now being disposed of."

¶ 7 Conway filed her notice of appeal on April 21, 2017, from the March 23, 2017, order. American Access moved to dismiss Conway's appeal for lack of appellate jurisdiction, arguing that its "reasonable belief" claim against Novit had not been fully resolved. A panel of this court originally dismissed this appeal but later vacated the dismissal order on Conway's motion.

ANALYSIS

On appeal, Conway argues that the circuit court effectively concluded that, as a matter of law, a negligent entrustment claim is not an "accident" and that the circuit court misapplied our holding in *General Agents Insurance Co. of America, Inc. v. Midwest Sporting Goods Co.*, 328 Ill. App. 3d 482 (2002). She contends that *General Agents* stands for the proposition that insurance coverage is unavailable for a negligent entrustment claim only where the underlying complaint "is based purely on deliberate actions." She further argues that the "substantial probability" test from *General Agents* is not met here. Finally, she contends that public policy favors coverage for her negligent entrustment claim. We need not resolve this issue, however, because we find that American Access has a duty to defend Novit under the plain language of the policy.

Before we reach the merits of this appeal, we must consider American Access's argument that we lack appellate jurisdiction. It contends that the circuit court never entered a final judgment with respect to the "reasonable belief" exclusion claim in count II of the amended complaint. American Access argues that the circuit court granted summary judgment on the "reasonable belief" exclusion claim as to Tanase but denied summary judgment as to Novit, and therefore count II has not been fully adjudicated. American Access further argues that it has been deprived of "its opportunity to cross-appeal on an issue which it may have lost had the order been final." We disagree.

Pursuant to the Illinois Constitution, our jurisdiction is limited to appeals from final judgments. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Absent a supreme court rule, we lack jurisdiction to review judgments, orders, or decrees that are not final. *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22 (citing *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9). A "final judgment" for the purposes of appeal is one that fixes absolutely and finally the rights of the parties in a lawsuit and determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *Indiana Insurance Co. v. Powerscreen of Chicago, Ltd.*, 2012 IL App (1st) 103667, ¶ 22; see also *In re Detention of Hardin*, 238 Ill. 2d 33, 42-43 (2010).

Here, American Access sought, in relevant part, a declaration of its rights with respect to its duties to defend and indemnify Novit in the underlying action. It presented two alternative theories as to why Novit was not entitled to coverage under the policy: (1) the policy's "reasonable belief" exclusion applied and (2) the policy provided coverage for bodily injuries caused by automobile accidents but did not provide coverage for the separate tort of negligent entrustment. Both claims sought the same relief: an order declaring that American Access had no duty to defend or indemnify Novit in the underlying action. The circuit court found that the "reasonable belief" exclusion did not apply to Novit because she was the named insured. In doing so, the circuit court concluded that American Access could not rely on the "reasonable belief" exclusion in order to avoid its duty to defend or indemnify Novit in the underlying action. The circuit court did not conclude that inapplicability of the "reasonable belief" exclusion gave rise to a duty to defend but did conclude that the exclusion was inapplicable and was therefore not determinative of American Access's duty to defend. In doing so, and by subsequently denying American Access's motion to reconsider, the circuit court conclusively resolved count II of American Access's declaratory judgment complaint in favor of defendants.

¶ 13       The circuit court subsequently agreed with American Access that Novit was not entitled to coverage under the policy because the policy only applied to accidents and not to a separate tort claim for negligent entrustment. By granting summary judgment in favor of American Access on its claim that the policy did not provide coverage for claims of negligent entrustment, the circuit court granted American Access all of the relief it sought in its complaint with respect to Novit: an order declaring that it had no duty to defend or indemnify Novit in the underlying action.

¶ 14       We also reject American Access's contention that it has been deprived of "its opportunity to cross-appeal on an issue which it may have lost had the order been final." When a judgment grants a party all of the relief that it sought and the judgment has no prejudicial effect on the prevailing party, that party has no right to an appeal. *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 386 (1983). American Access had no right to cross-appeal from the circuit court's denial of summary judgment on its "reasonable belief" exclusion claim because no portion of the circuit court's judgment—that American Access had no duty to defend or indemnify Novit in the underlying action—was adverse to American Access. American Access could have advanced its "reasonable belief" exclusion arguments on appeal as an alternative basis for affirming the circuit court's judgment (see *Beacham v. Walker*, 231 Ill. 2d 51, 61 (2008) (explaining that we may affirm the circuit court's judgment on any grounds called for by the record, regardless of whether the circuit court relied on those grounds)), but it has not done so. We find that the circuit court's March 23, 2017, order was a final and appealable order.

¶ 15       Turning to the merits, the sole issue on appeal as framed by the parties is whether Conway's claim for negligent entrustment alleges an "accident" covered by the policy such that American Access has a duty to defend Novit against Conway's negligent entrustment claim and potentially indemnify Novit for any damages for which she was found liable. We need not reach the question of whether a claim for negligent entrustment amounts to an "accident" under the policy, however, because the plain language of the policy provides that American Access will pay compensatory damages for accidents resulting in bodily injury that arise out of Novit's use or ownership of the vehicle.

¶ 16       To determine whether an insurer has a duty to defend, a court must look to the allegations of the underlying complaint and compare those allegations to the relevant portions of the insurance policy. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 107-08 (1992). If the underlying complaint alleges facts that fall or potentially fall within the policy's coverage, the insurer's duty to defend arises, even if the allegations in the underlying complaint are groundless, false, or fraudulent. *Northbrook Property & Casualty Co. v. Transportation Joint Agreement*, 194 Ill. 2d 96, 98 (2000). The insurer must defend "unless the allegations of the underlying complaint demonstrate that the plaintiff in the underlying suit will not be able to prove the insured liable, under any theory supported by the complaint, without also proving facts that show the loss falls outside the coverage of the insurance policy." *Illinois Emcasco Insurance Co. v. Northwestern National Casualty Co.*, 337 Ill. App. 3d 356, 361 (2003). Insurance policies are to be liberally construed in favor of coverage, and any doubt as to the insurer's duty to defend is resolved in favor of the insured. *United Services Automobile Ass'n v. Dare*, 357 Ill. App. 3d 955, 963 (2005).

¶ 17       Under the relevant portion of Novit's policy, American Access agreed to "pay on behalf of [Novit] *** compensatory damages *** because of (1) bodily injury, or (2) property damage

caused by accident [*sic*] arising out of the *ownership*, maintenance or *use* of the owned automobile." (Emphases added.) The policy does not contain an exclusion for negligent entrustment and does not define "accident." Where a term in an insurance policy is not defined, we afford that term its plain, ordinary, and popular meaning. *Founders Insurance Co. v. Munoz*, 237 Ill. 2d 424, 436 (2010). We have recognized that for purposes of insurance coverage claims, an "accident" is " 'an unforseen [*sic*] occurrence, usually *** an undesigned sudden or unexpected event of an inflictive or unfortunate character.' " *State Farm Fire & Casualty Co. v. Young*, 2012 IL App (1st) 103736, ¶ 26 (quoting *Aetna Casualty & Surety Co. v. Freyer*, 89 Ill. App. 3d 617, 619 (1980); see also *West American Insurance Co. v. Midwest Open MRI, Inc.*, 2013 IL App (1st) 121034, ¶ 22. Furthermore, "the words 'arising out of' have been interpreted broadly to mean originating from, incident to, or having a causal connection with the ownership, maintenance or use of the vehicle." *Aryainejad v. Economy Fire & Casualty Co.*, 278 Ill. App. 3d 1049, 1051 (1996) (citing 6B John A. Appleman & Jean Appleman, Insurance Law and Practice § 4317, at 360-63 (1979)).

¶ 18    There is no dispute that Conway's underlying complaint alleges an accident: she plainly alleges that Tanase negligently struck her with Novit's car and that she suffered injuries as a result. The dispositive question then, for purposes of determining whether American Access has a duty to defend Novit, is whether the complaint alleges that the accident arose out of the ownership, maintenance, or use of Novit's insured vehicle. We find that it does.

¶ 19    A claim for negligent entrustment asserts that the defendant gave another person express or implied permission to use or possess a dangerous article or instrumentality which the defendant knew or should have known would likely be used in a manner involving an unreasonable risk of harm to others. *Evans v. Shannon*, 201 Ill. 2d 424, 434 (2002). In the context of automobiles, "There are two primary considerations in negligent-entrustment analysis: (1) whether the owner of the vehicle entrusted the car to an incompetent or unfit driver, and (2) whether the incompetency was a proximate cause of a plaintiff's injury." *Id.* (citing *Taitt v. Robinson*, 266 Ill. App. 3d 130, 132 (1994)). The general rule is that "the alleged incompetence of the driver must be a proximate cause of the negligent act that caused the injury [citation], and the entrustor is liable, but only if his conduct is the legal cause of the complained-of bodily harm." *Watson v. Enterprise Leasing Co.*, 325 Ill. App. 3d 914, 922 (2001). "Legal cause" is a component of proximate cause and is "largely a question of foreseeability." *Abrams v. City of Chicago*, 211 Ill. 2d 251, 258 (2004). "The relevant inquiry is whether 'the injury is of a type that a reasonable person would see *as a likely result* of his or her conduct.' " (Emphasis in original.) *Id.* (quoting *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 260 (1999)).

¶ 20    Here, the allegations in Conway's complaint fall within or potentially within the coverage of American Access's policy. The complaint alleged that (1) Novit gave Tanase express or implied permission to use her vehicle, (2) Novit knew or should have known that Tanase was intoxicated, and (3) Tanase struck Conway with the vehicle, resulting in bodily harm. It can be inferred from the allegations in the underlying complaint that Conway is alleging that Novit's negligent entrustment was a legal cause of Conway's injuries because Novit knew or should have known that Tanase was intoxicated, incompetent, or reckless and that Tanase's intoxication, incompetence, or recklessness was a proximate cause of the accident and Conway's injuries. Conway's underlying complaint alleges a causal connection between Novit's alleged entrustment of her insured vehicle—which she owned—to Tanase with actual

or constructive knowledge that Tanase was intoxicated and that the accident caused Conway's injuries. In other words, Conway has alleged that the injury "arises out of" Novit's use or ownership of the insured vehicle and her negligent entrustment of that vehicle was a proximate cause of Conway's injuries. Therefore, the circuit court's order granting summary judgment in favor of American Access with respect to its duty to defend Novit in the underlying action is reversed.

¶ 21 We remand for further proceedings so that, following a determination of liability in the underlying action, the parties may address whether American Access has a duty under the policy to indemnify Novit. We express no opinion as to whether American Access has a duty to indemnify Novit under the policy.

¶ 22 CONCLUSION

¶ 23 For the foregoing reasons, the judgment of the circuit court is reversed. We remand for further proceedings consistent with this opinion.

¶ 24 Reversed and remanded.